IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAND WHEATLAND<br>94-6542 Palaoa Rd.<br>Naalehu, HI 96772<br><br>      Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HEALTH & HUMAN SERVICES,<br>200 Independence Avenue SW,<br>Washington, DC 20201<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No: 21-cv-3126<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

## I. INTRODUCTION

1.  Plaintiff Rand Wheatland ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*., by Defendant Department of Health & Human Services (hereinafter "HHS") in failing to provide Plaintiff with all non-exempt records responsive to his January 29, 2021, FOIA request to this federal agency, seeking HHS records related to transcripts, minutes and recordings of the meetings of the NIH COVID-19 Treatment Guidelines Panel from 2020 and 2021.

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff, Rand Wheatland ("Plaintiff"), is an individual that, at all times relevant herein, has resided in Naalehu, Hawaii. Plaintiff Wheatland is a scientist who has co-authored a 2004 medical journal article addressing treatment of cornavirus infections.

5.  Defendant Department of Health & Human Services is federal agency of the United States, and as such, is an agency subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides

notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13.  On or about January 21, 2021, Plaintiff sent a FOIA request to the Department of Health & Human Services (HHS), seeking HHS records related to transcripts, minutes and recordings of the meetings of the NIH COVID-19 Treatment Guidelines Panel from 2020 and 2021.

14.  On or about February 2, 2021, Plaintiff emailed Defendant HHS, inquiring as to whether Defendant received Plaintiff's FOIA request.

15.  On or about February 2, 2021, the agency emailed Plaintiff acknowledging his FOIA request.

16.  On or about February 11, 2021, Plaintiff received from HHS an acknowledgment letter for his January 29, 2021, FOIA request, assigning teis record request as HHS FOIA Case No. 55825.

17.  On or about March 5, 2021, Defendant HHS issued a final decision regarding Plaintiff's January 21, 2021, FOIA Request, in which Defendant withheld all responsive records in their entirety.

18.  On or about March 29, 2021, Plaintiff administratively appealed Defendant's final decision issued on March 5, 2021.

19.  On or about May 24, 2021, Defendant emailed Plaintiff Wheatland, acknowledging that the agency  had received Plaintiff's administrative appeal on May 10, 2021,  and assigned it as tracking number 2021-00171-A-PHS.

20.  On or about June 24, 2021, Plaintiff emailed Defendant HHS, requesting the status of his March 29, 2021 FOIA administrative appeal.

21.  On or about June 24, 2021, HHS emailed Mr. Wheatland, indicating that his FOIA administrative was in the queue of open appeals awaiting review.

22.  On or about October 1, 2021, Mr. Wheatland emailed Defendant HHHS, once again requesting the status of his March 29, 2021, administrative appeal.

23.  On or about October 1, 2021, HHS emailed Plaintiff Wheatland, indicating that it was still processing his FOIA administrative appeal, but could not provide a time frame for issuing a decision on this FOIA appeal..

24.  On or about October 8, 2021, Plaintiff again emailed HHS, requesting a date by which he could expect to receive a determination of his FOIA administrative appeal.

25.  On or about October 8, 2021, Defendant HHS emailed Mr. Wheatland, indicating that the agency would be providing an update to the status of Plaintiff's FOIA administrative appeal.

26.   As of the date of the filing of this action Plaintiff Rand Wheatland has still not received any agency decision on his pending FOIA administrative appeal, nor any of the records which he had requested in his January 29, 2021, FOIA request to the HHS.

## VII. CLAIMS FOR RELIEF

27. Plaintiff realleges, as if fully set forth herein, paragraphs 1-26 previously set forth herein.

28.  Defendant HHS has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his January 29, 2021, FOIA request.

29.  By failing to provide Plaintiff with all non-exempt responsive record to his January 29, 2021, FOIA request as described in paragraph 13 above, Defendant HHS has denied Plaintiff's right to this information as provided by the Freedom of Information Act.

30.  Defendant HHS has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's January 29, 2021, FOIA request.

31.  By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's January 29, 2021, FOIA request, Defendant HHS has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

32.  Unless enjoined by this Court, Defendant HHS will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 13 above.

33.  Plaintiff is directly and adversely affected and aggrieved by Defendant HHS's failure to provide responsive records to his January 29, 2021, FOIA request described above.

34.  Plaintiff has been required to expend costs and to obtain the services of a law

firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

35.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff, providing the following relief:

1.  Declare Defendant HHS has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his January 29, 2021, FOIA request.

2. Declare Defendant HHS has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's January 29, 2021, FOIA request.

3. Direct by injunction that Defendant HHS perform an adequate search for records responsive to his January 29, 2021, FOIA request, and provide Plaintiff with all non-exempt responsive records to Plaintiff's January 29, 2021, FOIA request.

4.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5.  Provide such other relief as the Court deems just and proper.

DATED: This 29th day of November, 2021.

Respectfully submitted,

 /s/ Daniel J. Stotter
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E

Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**