IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAND WEATLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 21–cv-3126 (CJN) |
| v. ) | |
| ) | |
| DEPARTMENT OF HEALTH & HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Rand Wheatland ("Plaintiff") hereby submits this consolidated memorandum in support of Plaintiff's Motion for Summary Judgment, and in opposition to the Motion for Summary Judgment filed by Defendant Department of Health & Human Services ("DHHS") [Dkt.11] in the above captioned Freedom of Information Act ("FOIA") action.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Rand Wheatland has filed this action challenging the DHHS's response to his January 19, 2021, FOIA request, seeking HHS records of all transcripts, minutes and recordings of the meetings of the NIH COVID-19 Treatment Guidelines Panel from 2020 and 2021. *See* e.g Dec. Wheatland, Ex. A (Plaintiff's FOIA Request). Plaintiff hereby adopts, and expressly incorporates by reference, Plaintiff's Statement of Material Facts filed herewith, which sets forth the material undisputed facts in this action, based upon the factual matters accepted from Defendant's Statement

of Undisputed Material Facts [Dkt 11-2], and the supplemental factual matters supported by the Declaration of Rand Wheatland filed herewith. *See* Plaintiff's Response to Defendant's Statement of Undisputed Facts and Plaintiff's Supplemental Statement of Material Facts As To Which There Is No Genuine Dispute (filed herewith).

## II. STANDARD OF REVIEW

Summary judgment should be granted if there is "no genuine issue as to any material fact" and the "moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56C. The moving party has the burden of demonstrating the absence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

It is the law of this Circuit that the agency carries the burden to support withholdings under each of the nine statutory exemptions of the FOIA statute. *See Evans v Federal Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020); *Citizens For Responsibility and Ethics In Washington v. U.S. Department of Justice*, 746 F.3d 1082, 1088 (D.C. Cir. 2014).[1]

To carry its burden for any withholdings under the FOIA statute, the Government must provide "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 251 (D.C.

---

[1] This burden in FOIA actions remains on the agency "even when the requester files a cross-motion for summary judgment because 'the Government ultimately [has] the onus of proving that the [documents] are exempt from disclosure,' while the 'burden upon the requester is merely to establish the absence of material factual issues before a summary disposition of the case could permissibly occur.'" *Hardy v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 243 F. Supp. 3d 155, 162 (D. D.C. 2017), quoting *Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 904-05 (D.C. Cir. 1999) (internal quotations omitted))

Cir.1977); *see also King v. U.S. Dep't of Justice*, 830 F.2d 210, 224 (D.C. Cir. 1987); *Evans v Federal Bureau of Prisons*, 951 F.3d 578, 584 (D.C. Cir. 2020). In that regard, the agency must submit sufficiently detailed declarations, to allow the court to evaluate the agency's FOIA response. *See Valencia-Lucia v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).

### III. APPLICABLE LAW – THE FREEDOM OF INFORMATION ACT

FOIA was enacted to promote "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Dep't of Air Force v. Rose*, 425 U.S. 352, 360-61 (1976) *citing* S. Rep. No. 813, 89th Cong., 1st Sess., 3 (1965). The Supreme Court has observed that FOIA was designed to "pierce the veil of administrative secrecy, and to open agency action to the light of public scrutiny." *Dept. of the Air Force v. Rose*, 425 U.S. 352, 361 (1976). "[D]isclosure, not secrecy, is the dominant objective." *Id.; Dept. of Interior v. Klamath Water Users Protective Assn.*, 532 U.S. 1, 8 (2001) (same). The primary goal of FOIA "is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) (citations omitted).

The D.C. Circuit has also discussed the nature and purpose of the FOIA, and judicial review for this statute, in holding that:

> The FOIA statute embodies a "strong presumption in favor of disclosure" such that responsive, requested records must be disclosed unless they fall "squarely within one of [FOIA's enumerated] exemptions." *Judicial Watch, Inc. v. Dep't of Commerce*, 375 F. Supp. 3d 93, 98 (D.D.C. 2019), citing *Burka v. U.S. Dep't of Health and Human Servs.*, 87 F.3d 508, 515 (D.C. Cir.1996). In this regard, exemptions have "been consistently given a narrow compass." *Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 151 (1989). The D.C. Circuit has similarly observed that FOIA "was enacted to facilitate public access to Government documents'' and '"designed to 'pierce the veil of administrative

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                                                                                  - 3 -

secrecy and to open agency action to the light of public scrutiny.'"

*Citizens For Responsibility and Ethics In Washington v. Department of Justice,* 746 F.3d 1082,1088 (D.C. Cir. 2014).

Procedurally, the FOIA statute expressly requires that a federal agency must make a final determination on all FOIA requests that it receives within twenty working days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency provides notice to the requester of "unusual circumstances" meriting additional time for responding. 5 U.S.C. §552(a)(6)(A)(I).

The FOIA statute provides that a person shall be deemed to have exhausted his/her administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii) described above. *See* 5 U.S.C. § 552(a)(6)C) (often described as "constructive exhaustion"). The statute also expressly provides FOIA requesters direct legal redress to the federal district court in seeking to "enjoin the agency from withholding agency records and to order agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

**IV. DHHS HAS MISAPPLIED ITS FOIA EXEMPTION (b)(5) WITHHOLDINGS**

As set forth below, the primary issue presented in this action is whether Defendant DHHS has properly applied FOIA exemption (b)(5), 5 U.S.C. 552 §552(b)(5)[2] to withhold responsive portions of the NIH COVID-19 Treatment Guidelines Panel minutes, under circumstances where

---

[2] FOIA exemption (b)(5) authorizes a federal agency to withhold "inter-agency or intra-agency memorandum or letters which would not be available by law to a party other then an agency in litigation with the agency." *See* 5 U.S.C. §552(b)(5).

the agency's panel deliberations involved representatives of non-agency medical trade organizations that are stakeholders to the outcome of the NIH COVID-19 Treatment Guidelines Panel, *see e.g.* Dec Wheatland ¶ ¶ 22-23, and whether their direct involvement in this panel precludes the agency's attempt to rely upon the "consultant corollary" of FOIA exemption (b)(5),[3] that allow this FOIA exemption to apply only to agency consultations with non-governmental parties that do not have a direct interest in the outcome of the agency deliberations.

It is Plaintiff's position, as set forth below, that Defendant's attempt to rely on FOIA exemption (b)(5), under the circumstances in the case at hand, is clearly inconsistent with the Supreme Court's clearly stated law on this issue, *see Department of Interior v. Klamath Water User's Protective Association*, 532 U.S. 1, 9-12 (2001), and by the controlling law of this Circuit, expressly holding that this FOIA exemption cannot apply, as a matter of law, when the agency consults with non-governmental parties that have their own independent interests in the subject matter of the agency deliberations. *See e.g. National Institute of Military Justice v. U.S. Department of Defense*, 512 F.3d 677, 683 (D.C. Cir. 2008); *Public Employees for Environmental Responsibility v. International Boundary Water Commission,* 740 F.3d 195, 201-02 (D.C. Cir. 2014).

In the present action, as discussed below, Defendant DHHS has failed to meet its burden to demonstrate that its application of FOIA exemption (b)(5), in withholding responsive records to Plaintiff's January 29, 2021, FOIA request, is supported by the applicable law, and the

---

[3] The "consultant corollary" to FOIA exemption (b)(5) is well summarized in this court's discussion and direct application of that issue in *American Oversight v. U.S. Department of Health and Human Services*, 380 F.Supp.3d 45, 53 (D.D.C. 2019).

undisputed facts in the record, clearly demonstrating that the agency's COVID-19 Treatment Guidelines Panel at issue involved the direct participation of non-governmental stakeholder organizations, which actively lobby and advocate for their organizations' positions on the medical and scientific issues discussed by this panel, and therefore, cannot be considered independent or neutral "consultants" within the scope of this statutory FOIA exemption.

FOIA exemption (b)(5) expressly authorizes a federal agency to withhold "inter-agency or intra-agency memorandum or letters which would not be available by law to a party other than an agency in litigation with the agency." *See* 5 U.S.C. §552(b)(5).  As Defendant DHHS correctly notes, this FOIA exemption was created by Congress to allows an agency to more candidly maintain internal discussions and deliberations when in the process of formulating final agency decisions and policies. And while it is beyond dispute that the present COVID-19 Panel involved the direct participation by **non-governmental parties**, *see e.g.* Defendant's Memorandum at 1 [Dkt 11-1]; *see also* Decl. Garcia-Melene [Dkt 11-3], Defendant DHHS is also correct in noting that the well recognized "consultant corollary" to the statutory language of this FOIA exemption, allows exemption (b)(5) to be applied (under certain circumstances) to include non-federal government agency parties that are consulted by federal agencies for advice in the formulation of federal agency policies. S*ee e.g. National Institute of Military Justice v. U.S. Department of Defense*, 512 F.3d 677, 683 (D.C. Cir. 2008).

However, Defendant DHHS's briefing of this issue fails to note that, as a matter of law, the "consultant corollary" to FOIA exemption (b)(5) **cannot apply** when the agency "consultants" have an interest in the outcome of the matter in which they are participating. *See*

*e.g. Department of Interior v. Klamath Water User's Protective Association*, 532 U.S. 1, 9-12 (2001); *see also Public Employees for Environmental Responsibility v. International Boundary Water Commission,* 740 F.3d 195, 201-02 (D.C. Cir. 2014).

In *Klamath*, the Supreme Court was clear, in its sound rejection of a similar (b)(5) agency claim, that if an agency is utilizing consultations with a non-governmental party that is a stakeholder or has an independent interest in the matter which is being deliberated, the agency cannot rely upon FOIA exemption (b)(5) to withhold agency records, see *Department of Interior v. Klamath Water User's Protective Association*, 532 U.S. 1, 9-12 (2001). That ruling remains the law today, and this Court has consistently applied that rule in noting that any agency claims to FOIA(b)(5) withholdings are not properly applied if an agency is "consulting" with a party that has its own interests in the outcome of the agency's decision or deliberations. *See e.g Center for Public Integrity v. U.S. Department of Energy, 393 F.Supp.3d 86, 92; see also Center for International Environment Law v. Office of U.S. Trade*, 237 F.Supp.2d  17, 25 (D.D.C. 2002).

In the case at hand, it is beyond dispute that the agency selected consultants for their COVID-19 panel that were expressly "representing" organizations which actively lobby for their own interests in the subject matter of the panel's deliberations. *See* Dec. Wheatland ¶¶ 17- 26 (filed herewith). More specifically, the undisputed factual record shows that the agency selected participants who directly "represented" stakeholder organizations when participating in the applicable panel's meetings and discussions. *Id*. It is perhaps understandable that the agency sought participants representing the major stakeholders on the COVID-19 issue for this panel - major medical trade groups that actively lobby Congress and the federal agencies to address their

positions on Covid-related issues, including the American Society of Hematology (ASH) , the American College of Clinical Pharmacy (ACCP), the American Association of Clinical Care Nurses (ACCN), the Society of Critical Care Medicine (SCCM), the American Thoracic Society (ATS), the Pediatric Infectious Diseases Society (PIDS), the American College of Emergency Physicians (ACEP) and the American Association of Respiratory Care (AARC).  *See* Dec. Wheatland ¶¶ 17- 26. However, the agency's election to include these major stakeholders and interested parties now precludes Defendant's attempt to apply FOIA exemption (b)(5) to withhold responsive records from these panel proceedings, as a matter of law. *See Department of Interior v. Klamath Water User's Protective Association*, 532 U.S. 1, 9-12 (2001).

By selecting these major stakeholder organizations, and expressly including "representatives" of those medical industry trade groups to participate in this advisory panel, where they have a significant interest in the outcome of the agency's final determinations, Defendant has now waived its right to assert FOIA exemption (b)(5) to block public disclosure of these records as a matter of law. *See e.g. Public Employees for Environmental Responsibility v. International Boundary Water Commission,* 740 F.3d 195, 201-02 (D.C. Cir. 2014); *see also Center for Public Integrity v. U.S. Department of Energy, 393 F.Supp.3d 86, 92; see also Center for International Environment Law v. Office of U.S. Trade*, 237 F.Supp.2d  17, 25 (D.D.C. 2002). *See* e.g. Dec. Wheatland ¶¶ 17- 26 (documenting stakeholder interests and representative status of medical trade groups involved with the agency''s COVID 19 panel.

Perhaps in recognizing the serious flaws to their legal position discussed above, and the fact that FOIA exemption (b)(5) cannot apply to these panel proceedings as a matter of law,

Defendant DHHS attempts to invoke a major distraction to the issue squarely at hand, by speculatively suggesting that public disclosure of the panel's COVID-19 deliberations would somehow lead to increased threats to government officials and / or increased spread of COVID-19 misinformation. *See* Defendant's Memorandum at 15-21 [Dkt 11-1]; *see also* Dec. Garcia-Melene at ¶¶ 15-24 [Dkt 11-3]. There are numerous flaws with the agency's argument.

First and foremost, FOIA exemption (b)(5) is NOT a legal balancing test - it either applies or it does not apply, based upon whether or not the records at issue involve internal agency deliberations, or are records involving discussions with parties having an interest in the subject matter which the agency is deciding. S*ee* 5 U.S.C. 552 §552(b)(5); *cf*. 5 U.S.C. 552 §552(b)(6) (FOIA exemption (b)(6), where Congress expressly included a balancing test between the value of disclosure as compared to the harm caused in releasing agency records). For example, in applying its analysis of FOIA exemption (b)(5), the Supreme Court did not ever suggest that the agency may consider a balancing of harms impacted by the disclosure of responsive records. It held that the involvement of a stakeholder to the agency's deliberations fully precluded application of FOIA exemption (b)(5) as a matter of law. *See Department of Interior v. Klamath Water User's Protective Association*, 532 U.S. 1, 9-12 (2001).

Secondly, there is simply no evidence in the record, nor any rational logical basis, for concluding that having a more informed public on COVID issues would somehow lead to more threats of harm against public officials, or to an increase in conspiracy theories or misinformation. DHHS has not offered one scintilla of evidence (other than pure speculation) that the release of additional scientific and medical deliberations of this panel would somehow

lead to increased misinformation, or to increased "conspiracy theories" or somehow result in increased threats against agency staff addressing the COVID issue. In fact, it is far more logical and rational to predict that the agency's **withholding** of scientific or medical information would be more likely to lead to public misinformation or conspiracy theories, and / or public angst directed at the agency for their COVID policies.

Lastly, Plaintiff would note that to the extent there are any actual concerns stated by Defendant DHHS regarding a need for the protection of individual panel participants or agency staff, or any other personal information needed to protect personal privacy interests, those issues can be directly and more appropriately addressed by application of another provision of the FOIA statute - FOIA exemption (b)(6). *See 5* U.S.C. 552 §552(b)(6); s*ee e.g.* Dec. Wheatland ¶¶ 29-30 (noting that Plaintiff would have no objections to the proper and lawful application of FOIA exemption (b)(6) to withhold portions of the responsive records at issue in this action to protect any actual privacy interest issues or concerns).

### V.  DHHS HAS IMPROPERLY APPLIED ITS SEGREGABILITY DUTY

Defendant DHHS has also failed to meet its burden, and its statutory obligation, to provide all reasonably segregable portions of responsive records that contain any non-exempt material. This statutory requirement, which is expressly mandated by 5 U.S.C. § 552(b), is generally referenced by the federal courts as the agency's "segregability" duty to provide "[a]ny reasonably segregable portion of a record . . . after deletion of the portions of the record which are exempt." *See* 5 U.S.C. § 552(b).

As a matter of law, this "segregability" duty applies to all FOIA documents, and applies

to all claimed exemptions in the FOIA asserted by all federal agencies, see e.g., *Center For Auto Safety v. EPA*, 731 F.2d 16, 21 (D.C. Cir. 1984), and specifically requires an agency to demonstrate that all reasonably segregable, non-exempt information has been released. *See Davin v. U.S. DOJ*, 60 F.3d 1043, 1052 (3rd Cir. 1995); *Abdelfattah v. U.S. Dept. Of Homeland Security*, 488 F.3d 178, 186-187 (3rd 3ir. 2007); *Oglesby v. U.S. Dept. of Army*, 79 F.3d 1172, 1178 (D.C. Cir. 1996). The longstanding rule in this Circuit is that all "non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. United States Dept. of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). As the D.C. Circuit has explained: "[T]he exemptions to FOIA do not apply wholesale. An item of exempt information does not insulate the entire file to which it is contained, or even the entire page on which it appears." *Arieff v. Department of Navy*, 712 F.2d 1466, 1466 (D.C. Cir. 1983). It is also the law of this Circuit, that federal agency must provide a reasonably detailed explanation of its reasons for refusing to provide all non-exempt portions of this audio record, pursuant to the FOIA statute's segregability requirement. *See e.g. Evans v. Federal Bureau of Prisons,* 951 F.3d 578 (D.C. Cir. 2020).

In the case at hand, the agency's very generalized statement regarding performance of its segregation duty, *see* Dec. Garcia-Melene at 25 [Dkt 11-3] fails to meet the agency's statutory duty, and is wholly inconsistent with the agency's actual FOIA production to Plaintiff in this matter, where the agency failed to provide virtually any information as to even the general subject matters and issues that were discussed in the panel proceedings. *See* Decl. Wheatland ¶ 27 (filed herewith); *see also* Dec. Wheatland, **Ex. M** (agency's highly redacted record release).

It is readily apparent, from review of the agency's overly broad redactions to these records, that the agency failed to include virtually any information as to even the topics and issues which were discussed, above and beyond there exclusion of the actual deliberations regarding those issues. In this regard, the DHHS's overly broad redactions clearly do not conform with the agency's statutory segregability duty to provide all non-exempt portions of these responsive records pursuant to 5 U.S.C. § 552(b)

## VI. DEFENDANT DHHS HAS FAILED TO MEET ITS FOIA SEARCH DUTIES

It is well settled under FOIA jurisprudence that a federal agency must demonstrate it has undertaken a search that was reasonably calculated to locate all responsive records to a FOIA request. *See e.g. Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) ("To prevail on summary judgment [as to adequacy of search] . . . the defending agency must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents.") (quoting *Weisberg v. U.S. Dept. Of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). As a matter of law, the burden is squarely on the government agency to demonstrate that it has performed an adequate search for records responsive to the FOIA request. *See e.g. United States Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 755 (1989).

In addition, as a component of the agency's adequacy of search requirements, in responding to a FOIA request, the agency also has a duty to follow-up on any known leads for additional responsive records for this FOIA request. *See e.g. Kleinert v. Bureau of Land Management,* 132 F.Supp.3d 79, 88 (D.D.C. 2015) (adequacy of agency's search undermined "by the fact that the record itself reveals positive indicators of overlooked materials."); *Center for*

*National Security Studies v. Department of Justice*; 215 F.Supp. 2d 94, 110 (D.D.C. 2002); *Valencia-Lucena v. Coast Guard*, 180 F.3d 321, 328 (D.C. Cir 1999).

Plaintiff would note that the record in this matter does not at all support Defendant DHHS's false claim that the scope of Plaintiff's January 29, 2021, FOIA Request was overly broad, by allegedly seeking records "related to" the specific COVID panel identified in this FOIA Request. *See* Defendant's Memorandum at 8-9 [Dkt 11-1]. A review of the actual FOIA request submitted by Plaintiff Wheatland on January 29, 2021, attached to the Declaration of Wheatland as **Exhibit A** (filed herewith), clearly demonstrates that Defendant DHHS has simply falsely fabricated this claim, apparently for the sole purpose of misleading the court in this matter. The scope of Plaintiff's FOIA Request is in fact very clear and very specific, in expressly seeking "a copy of the following documents: all of the transcripts, minutes, and recordings of the meetings of the NIH COVID-19 Guidelines Panel from 2020 and 2021." *See* Decl. Wheatland, Ex. A (Plaintiff's FOIA Request) (filed herewith).

Plaintiff has two primary objections as to the adequacy of the agency's search for records responsive to his January 29, 2021, FOIA request. First, Plaintiff would note that although the agency and its declarant assert that Dr. Pau maintained minutes of the panel's proceedings, and that she was tasked to locate the minutes that she had prepared and stored, there is no indication in the record as to whether there may have been **any other forms of agency minutes or notes or meeting records of the panel proceedings,** in addition to those which were prepared and located by Dr. Pau. *See e.g.* Dec. Garcia Malene ¶¶ 8, 11 [Dkt 11-3].

In addition, Plaintiff is concerned by the fact that the agency has failed to perform any

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT                                                                  - 13 -

follow-up search actions to locate any meeting notes or responsive records pertaining to any panel recusal actions for any of the applicable COVID-19 panel meetings. Since the agency's Declarant has expressly indicated that all panelists were expected to recuse themselves from any meetings where they may have a conflict of interest, *see* Dec. Garcia Malene ¶ 9 [Dkt 11-3], it is extraordinary that the agency did not undertake any search to locate and provide any recusal records in response to Plaintiff's FOIA Request.[4] See Decl. Wheatland ¶ 27 (filed herewith). Defendant DHHS has clearly failed to meet its FOIA search duties, by failing to undertake appropriate follow-up search actions to locate any responsive recusal records for their panel proceedings, in response to Plaintiff's FOIA request at issue in this action.

## VII.  CONCLUSION

For all of the reasons set forth above, Defendant DHHS has, as a matter of law, misapplied FOIA exemption (b)(5), failed to provide all non-exempt portions of the agency's responsive records, and failed to meet their statutory search obligations, including the agency's duty to undertake follow-up search actions to locate and provide any additional responsive recusal records to Plaintiff's FOIA request at issue in this action.

Therefore, for all of the reasons set forth above, Plaintiff respectfully requests that the Court to grant Plaintiff's Motion for Summary Judgment, and to deny Defendant's Motion For

---

[4]If the COVID Panelists made no recusals for panel meetings where they had a conflict of interest, that position should be expressly indicated by the agency declarant, as it has direct bearing on the agency's inclusion of interested parties and stakeholders in the panel's deliberations, and the agency's assertion of the "consultant corollary" to FOIA exemption (b)(5), which does not apply if the agency's "consultants" were parties that had a direct interest gained by the outcome of the agency's deliberative process.

Summary Judgment in this action.

    Respectfully submitted this 24th day of May, 2022.

    /s/ *Daniel J. Stotter*
    Daniel J. Stotter (WI0015)
    STOTTER & ASSOCIATES LLC
    408 SW Monroe Ave., Ste. M210E
    Corvallis, Oregon 97333
    (541) 738-2601
    dstotter@qwestoffice.net

    **Lead Attorney for Plaintiff**