IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAND WHEATLAND, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No: 21-cv-3126 (CJN) |
| v. ) | |
| ) | |
| DEPARTMENT OF HEALTH & HUMAN SERVICES, ) | |
| ) | |
| *Defendant.* ) | |
| _____) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF Undisputed MATERIAL FACTS AND PLAINTIFF'S SUPPLEMENTAL STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Rule 7(h), Plaintiff Rand Wheatland ("Plaintiff") hereby submits this response to Defendant's Statement of Material Facts [Dkt 11-2], and Plaintiff's Supplemental Statement of Material Facts As To Which There Is No Genuine Dispute.

**Plaintiff's Response to Defendant's Statement of Material Facts**

Plaintiff hereby accepts and has no objections to the Statement of Undisputed Material Facts submitted by Department of Health and Human Service (DHHS). *See* Dkt 11-2.

**Plaintiff's Supplemental Statement of Material Facts
As to Which there is No Genuine Dispute**

Plaintiff hereby submits the following supplemental material facts that are not in material dispute in this action, based upon the undisputed evidence expressly referenced below:

Plaintiff's Response to Defendant's Statement of Undisputed Facts and Plaintiff's Supplemental Statement of Material Facts As To Which There Is No Genuine Dispute - 1 -

1. On January 29, 2021, Rand Wheatland (hereinafter "Plaintiff") submitted a record request under the Freedom of Information Act (FOIA) to the Department of Health and Human Services ("HHS"), seeking HHS records of all transcripts, minutes and recordings of the meetings of the NIH COVID-19 Treatment Guidelines Panel from 2020 and 2021. *See* Dec. Wheatland ¶ 3 (filed herewith).

2. On February 2, 2021, Plaintiff sent an email to the National Institute of Health, a subdivision of the Department of Health and Human Services (hereafter "HHS"), inquiring as to whether this agency had received his January 29, 2021, FOIA request. *See* Dec. Wheatland ¶ 4 (filed herewith).

3. On February 2, 2021, Plaintiff received an email from HHS confirming their receipt of his January 29, 2021, FOIA request. *See* Dec. Wheatland ¶ 5 (filed herewith).

4. On February 11, 2021, Plaintiff received a letter from HHS, acknowledging their processing of his January 29, 2021, FOIA request , and assigning this record request as FOIA Case No. 55825. *See* Dec. Wheatland ¶ 6 (filed herewith).

5. On March 5, 2021, Plaintiff received a final decision from HHS regarding his January 21, 2021, FOIA request, in which that agency indicated that they were withholding all responsive records, in there entirety, for this record request, under claim of FOIA exemption (b)(5). *See* Dec. Wheatland ¶ 7 (filed herewith).

6. On March 29, 2021, Plaintiff filed an administrative appeal of the agency's March 5, 2021, final decision for the above referenced FOIA request matter. *See* Dec. Wheatland ¶ 8

Plaintiff's Response to Defendant's Statement of Undisputed Facts and Plaintiff's Supplemental Statement of Material Facts As To Which There Is No Genuine Dispute - 2 -

(filed herewith).

7. On May 24, 2021, Plaintiff received an email from HHS, acknowledging their receipt of his FOIA administrative appeal, and assigning it tracking number 2021-00171-A-PHS. *See* Dec. Wheatland ¶ 9 (filed herewith).

8. On June 24, 2021, Plaintiff sent an email to HHS, requesting the status of his FOIA administrative appeal. *See* Dec. Wheatland ¶ 10 (filed herewith).

9. On June 24, 2021, Plaintiff received an email from HHS, indicating that his administrative appeal was still in the queue of open appeals awaiting review. *See* Dec. Wheatland ¶ 11 (filed herewith).

10. On October 1, 2021, Plaintiff sent another email to the HHS, requesting the status of his March 29, 2021, FOIA administrative appeal. *See* Dec. Wheatland ¶ 12 (filed herewith).

11. On October 1, 2021, Plaintiff received an email from HHS, indicating that it was still processing his FOIA administrative appeal, and noting that the agency could not provide a time frame for making a decision on this appeal. *See* Dec. Wheatland ¶ 13 (filed herewith).

12. On November 29, 2021, having still received no decision for his March 29, 2021, FOIA appeal, or any information as to the date by which he could expect to receive an appeal decision, Plaintiff initiated the present FOIA civil action. *See* Dec. Wheatland ¶ 14 (filed herewith).

13. On March 31, 2022, after this FOIA litigation had been filed, Plaintiff received an email and attached letter from HHS, releasing 158 pages of heavily redacted records to his January 29, 2021, FOIA Request at issue in this action. *See* Dec. Wheatland ¶ 15 (filed herewith).

14. The redacted panel notes which the agency provided to Plaintiff on March 31, 2022, expressly identify specific individuals from medical industry trade and advocacy groups that the agency records expressly indicate were being "represented" at these meetings. *See* Dec. Wheatland. ¶ 16 (filed herewith). These panel notes indicate that the individuals representing these medical industry trade and advocacy groups were direct participants and directly involved at all of the NIH panel meetings. *See e.g* ¶ 17 Dec. Wheatland**, Exhibit M** at 00001-2, 00006-7, 00009-10, 00012-00013, 00015-16, 00018-19, 00022-23, 00026-27, 00030-31, 00034-35, 00038–39, 00042-43, 00046-47, 00050-51, 00054-55, 00058-59, 00052-63, 00066-67, 00070-71, 000074-75, 00082-83, 00086-87, 00090-91, 00095-96, 00099-100, 000102-103, 000106-107, 00010-111, 000114-115, 000118-119, 000122-123, 000126-127, 000130-131, 000133-134, 000137-138, 000141-142, 000145-146, 000149-150, 000152-153, 000155 - 000156. *See* Dec. Wheatland. ¶ 17 (filed herewith).

15. The panel meeting notes provided by Defendant expressly note that Lisa B. Kreuziger, was officially participating in the NIH Covid panel representing the industry trade group "ASH" (the American Society of Hematology). *See* Dec. Wheatland. ¶ 18 (filed herewith), *see also* Dec. Wheatland **Exhibit M** at 000062. This "representative status" for her participation in the NIH Covid Panel is listed in addition to her "affiliation" with Versiti and the

Plaintiff's Response to Defendant's Statement of Undisputed  Facts and Plaintiff's Supplemental Statement of Material Facts As To Which There Is No Genuine Dispute - 4 -

Medical College of Wisconsin. *Id.* The American Society of Hematology (ASH) is an active lobbyist advocacy organization, and that this organization is a major stakeholder in lobbying and advocating for their organization's positions regarding the COVID-19 issues which are the subject matter of this NIH panel. See Dec. Wheatland ¶ 18, *see also* Dec. Wheatland, **Exhibit N, Exhibit O.**

16. The panel meeting notes provided by Defendant also expressly note that Steven Simpson and Mitchell Levy were officially participating in the NIH Covid panel representing the industry trade group "ACCP" (the American College of Clinical Pharmacy). *See* Dec. Wheatland. ¶ 19 (filed herewith)*, see also* **Exhibit M** at 000006 and 000079. The American College of Clinical Pharmacy (ACCP) is an industry trade group which lobbies and advocates for the position of its members, including direct advocacy on the COVID-19 issues which are the subject matter of this NIH panel. S*ee* e.g. Dec. Wheatland ¶19, *see also* Dec. Wheatland **Exhibit P**, **Exhibit Q.**

17. The panel meeting notes provided by Defendant note that John Gallagher was officially participating in the NIH Covid panel "representing" the American Association of Clinical Care Nurses (AACN), *See* Dec. Wheatland. ¶ 20 (filed herewith)*, see also* **Exhibit M** at e.g. 000070. A review of the records provided by the agency in Ex. M indicate that his "representative status" for AACN in the NIH Covid panel is in addition to his "affiliation" with the University of Pennsylvania. *Id.* The American Association of Clinical Care Nurses is an industry trade group that lobbies and advocates for the position of its members, including direct advocacy for COVID-19 issues that are the subject matter of this NIH panel. *See* Dec.

Plaintiff's Response to Defendant's Statement of Undisputed  Facts and Plaintiff's Supplemental Statement of Material Facts As To Which There Is No Genuine Dispute - 5 -

Wheatland. ¶ *20; see also* Dec. Wheatland. **Exhibit R, Exhibit S.**

18. The panel meeting notes provided by HHS note that Craig Coopersmith was officially participating in the NIH Covid panel representing the industry trade group "SCCM" (Society of Critical Care Medicine). *See* Dec. Wheatland. ¶ 21 (filed herewith), *see also* **Exhibit M** at e.g. 000006. His "representative" status for the NIH Covid panel is expressly listed, in addition to his "affiliation" with Emory University. *Id*. The Society of Critical Care Medicine is a lobbyist advocacy organization and more specifically, a major stakeholder in lobbying and advocating for their organization's positions regarding the COVID-19 issues that are the subject matter of this NIH panel. *See* Dec. Wheatland. ¶ *21; see also* Dec. Wheatland. **Exhibit T, Exhibit U.**

19. Panel meeting notes provided by Defendant DHHS note that Kevin C. Wilson was officially participating in the NIH Covid panel representing the industry trade group "ATS" (American Thoracic Society). *See* Dec. Wheatland. ¶ 22 (filed herewith), *see also* **Exhibit M** at e.g. 000009. A review of the notes of the panel meetings indicate that his "representative" status for this panel is in addition to his "affiliation" with Boston University. *Id*. The American Thoracic Society is an active industry trade group that lobbies and advocates for the position of its members including direct advocacy regarding the COVID-19 issues which are the subject matter of this NIH panel. See e.g. Dec. Wheatland ¶ 22, see also *Dec. Wheatland* **Exhibit V, Exhibit W.**

20. The meeting notes provided by Defendant note that Alphana Wagmare was officially participating in the NIH Covid panel representing the industry trade group "PIDS" (the Pediatric Infectious Diseases Society). *See* Dec. Wheatland. ¶ 23 (filed herewith), *see also* **Exhibit M** at

e.g. 000127.  A review of the notes of the panel meetings indicate that her "representative" status for the NIH Covid panel is in addition to her "affiliation" with Seattle Children's hospital. *Id*. The Pediatric Infectious Diseases Society is also an industry trade group which actively advocates for the position of its members, including direct advocacy on Covid issues that are the subject matter of this NIH panel. *See e.g.* Dec. Wheatland **Exhibit X.**

21.  The panel meeting notes provided by Defendant show that Susan Davis was officially participating in the NIH Covid panel "representing" the industry trade group "SIDP" (Society of Infectious Diseases Pharmacists). *See* Dec. Wheatland. ¶ 24 (filed herewith), *see also* **Exhibit M** at e.g. 000001.  A review of these meeting notes demonstrate that her representative status for the NIH Covid panel is expressly in addition to her "affiliation" with Wayne State University. *Id*. The Society of Infectious Diseases Pharmacists is an active industry trade group which lobbies and advocates for the position of its members, including direct advocacy on Covid 19 issues that are the subject matter of this NIH panel. *See* Dec. Wheatland. **Exhibit Y, Exhibit Z.**

22.  The panel meeting notes provided by Defendant also expressly note that Stephen V. Cantrill was officially participating in the NIH Covid panel "representing" the industry trade group "ACRP" (the American College of Emergency Physicians). *See* Dec. Wheatland. ¶ 25 (filed herewith), *see also* **Exhibit M** at e.g. 000155. His representative status for the NIH Covid panel is expressly listed, in addition to his "affiliation" with Denver Health. *Id*.  The American College of Emergency Physicians is a lobbyist advocacy organization and that this organization is a major stakeholder in lobbying and advocating for positions regarding the Covid 19 issues that are the subject matter of this NIH panel. *See e.g.* Dec. Wheatland **Exhibit AA, Exhibit BB.**

Plaintiff's Response to Defendant's Statement of Undisputed  Facts and Plaintiff's Supplemental Statement of Material Facts As To Which There Is No Genuine Dispute - 7 -

23. The panel meeting notes provided by Defendant, that Carl Hinkson was officially participating in the NIH Covid panel representing the industry trade group "AARC" (American Association of Respiratory Care). *See* Dec. Wheatland. ¶ 26 (filed herewith), *see also* **Exhibit M** at e.g. 000122.  A review of the notes of the panel meetings indicate that his representative status for the NIH Covid panel is in addition to his "affiliation" with Providence Health and Services. *Id*.  The American Association of Respiratory Care is also a medical industry trade group which lobbies and advocates for the position of its members, including direct advocacy on Covid issues that are the subject matter of this NIH panel. *See e.g.* Dec. Wheatland. **Exhibit, CC**.

24. The notes of all of the panel meetings which were provided by Defendant DHHS, *See* Dec. Wheatland. ¶ 27 (filed herewith), *see also* **Exhibit M**, did not include any notes on recusal from participation by any of the NIH panelists representing medical lobbyists or medical trade associations for any of the panel's meetings. *Id*   If there were any recusal by any members of this Covid panel, Plaintiff has not been provided with any records (or portions of records) listing or describing any recusal actions in response to my FOIA request at issue in this action. *Id*.

Respectfully submitted this 24th day of May, 2022,

       */s/ Daniel J. Stotter*
       Daniel J. Stotter (WI0015)
       STOTTER & ASSOCIATES LLC
       408 SW Monroe Ave., Ste. M210E
       Corvallis, Oregon 97333
       (541) 738-2601
       dstotter@qwestoffice.net

       **Attorney for Plaintiff**