IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAND WHEATLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) Case No: 21–cv-3126 (CJN) | |
| v. ) | |
| ) | |
| DEPARTMENT OF HEALTH & HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Rand Wheatland ("Plaintiff"), by and through his counsel of record, hereby submits this Reply Memorandum in support of Plaintiff's Motion for Summary Judgment [Dkt 14] and in response to the opposition filing submitted by Defendant Department of Health & Human Services ("DHHS") [Dkt 15 and 16] in the above captioned Freedom of Information Act ("FOIA") action.

As discussed further herein, Plaintiff Wheatland is clearly entitled to Summary Judgment in this action as a matter of law, because Defendant DHHS has failed to meet its statutory burden regarding its claim to any FOIA exemption (b)(5) withholdings, based upon the undisputed facts establishing that the agency has not (and cannot) meet one of the express conditions precedent that is required for applying this FOIA exemption. As a matter of law, the (b)(5) FOIA exemption cannot apply to agency records or agency proceedings that directly involved the participation of representatives of non-governmental stake holders, with their own interests in the outcome of the NIH COVID-19 Treatment Guidelines Panel. Therefore, the records at issue in this action are simply

not "inter-agency or intra-agency" records per exemption (b)(5) of the FOIA statute. *See* 5 U.S.C. §552(b)(5); s*ee e.g. Department of Interior v. Klamath Water User's Protective Association*, 532 U.S. 1, 9-12 (2001). Defendant DHHS cannot "over-ride" the controlling Supreme Court law and statutory language which clearly resolve this issue. *Id*.

In addition, as discussed below, DHHS has also not met its burden as to the adequacy of the agency's search requirement for this record request as a matter of law, by failing to establish that it undertook a search that was "reasonably calculated to locate all responsive records" to Plaintiff's January 19, 2021, FOIA request, *see e.g. Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) ("To prevail on summary judgment [as to adequacy of search] . . . the defending agency must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents.").

## I. DEFENDANT DHHS HAS FAILED TO SUPPORT IT'S CLAIMED FOIA EXEMPTION (b)(5) WITHHOLDINGS AS A MATTER OF LAW

In the present action, Defendant DHHS has not provided **any** evidence to refute the undisputed fact that the COVID 19 Panel proceedings and responsive records sought by Plaintiff Wheatland in this action involved a panel which included officially designated representatives of non-governmental industry stakeholders, selected from organizations with direct interests in the COVID 19 subject matter of this panel, and which therefore cannot properly be deemed "inter-agency or intra-agency" records per the statutory requirement for FOIA exemption (b)(5).

Plaintiff's prior filings clearly established the factual predicate that the COVID 19 panel at issue in this action involved the direct participation by several officially designated representatives of medical industry stakeholders, that have their own independent interests in the subject matter and recommendations of the panel's COVID 19 recommendations discussed and addressed in the

Panel's recommendations to DHHS on this issue. *See* Dec. Wheatland ¶¶ 17-26 [Dkt 13-2]; *see also* Plaintiff's Memorandum at 4-9 [Dkt 13-1]. Defendant DHHS's response filings [Dkt 15 and Dkt 16] failed to present **any contrary evidence** to refute the above referenced private stakeholder involvement and interests in these panel proceedings. *See* Defendant's Opposition Memorandum at 4-7 [Dkt 15 and Dkt 16]; *cf .Department of Interior v. Klamath Water User's Protective Association*, 532 U.S. 1, 9-12 (2001); *see also National Institute of Military Justice v. U.S. Department of Defense*, 512 F.3d 677, 683 (D.C. Cir. 2008); *Public Employees for Environmental Responsibility v. International Boundary Water Commission,* 740 F.3d 195, 201-02 (D.C. Cir. 2014).

      The gravamen of Defendant DHHS's argument as to this issue is to baldly suggest that the COVID Panel records are "pre-decisional" records, which the agency argues are within the scope of the "deliberative process privilege" of FOIA exemption (b)(5). *See* Defendant's Opposition Memorandum at 4-7. However, Defendant DHHS does not explain how that issue has any bearing whatsoever as to the issue at hand - the failure of Defendant DHHS to meet the independent condition of FOIA exemption (b)(5), expressly limiting this FOIA exemption solely to "inter-agency or intra-agency" records and proceedings, or to otherwise explain how this independent (b)(5) statutory requirement has allegedly been met for these panel deliberations, when there is undisputed evidence in the record demonstrating that officially designated representatives of major medical industry trade groups were direct participants in the Covid Panel - stakeholder representative who were directly appointed to the panel for the very purpose of representing their organization's positions and interests in the instant COVID panel's recommendations. *See* Dec. Wheatland ¶¶ 17-26 [Dkt 13-2].

It is beyond dispute or debate that the express language of FOIA Exemption 5 contains two free standing and independent requirements which must **both** be met in order for an agency to employ this statutory FOIA exemption: (1) the "inter-agency or intra agency" requirement, and (2) that the records "would not be available by law to a party other than an agency in litigation with the agency." *See* 5 U.S.C. §552(b)(5).

The U.S. Supreme Court, and the federal courts of this Circuit, have consistently held that a federal agency must show that both of these independent requirements have been met in order to properly invoke this FOIA exemption, and that an agency's failure to meet the express "inter-agency or intra agency" component of this exemption precludes reliance on FOIA exemption (b)(5) as a matter of law. In *Department of Interior v. Klamath Water User's Protective Association*, 532 U.S. 1, 9-12 (2001), the high court clearly and emphatically explained that there were two independent requirements that must be met by an agency for exemption (b)(5), *Id.* at 8-9, and that "there is no textual justification for draining the first condition of independent vitality." *Id.* at 12. Similarly, the D.C. Circuit has consistently held that the express "inter-agency or intra agency" component of this statutory exemption must also be established by the agency in order for FOIA exemption (b)(5) to apply. *See e.g. National Institute of Military Justice v. U.S. Department of Defense*, 512 F.3d 677, 684 (D.C. Circuit 2021).

Based upon this controlling judicial authority (and the express language of the FOIA statute itself), Plaintiff would also note that the D.C. District Court has also consistently ruled that the "inter-agency or intra agency" component exemption (b)(5) must also be independently met by the agency as a matter of law in order to assert this FOIA exemption. *See e.g. Center for Public Integrity v. U.S. Department of Energy, 393 F.Supp.3d 86, 91 (D.D.C 2019); see also Center for International*

*Environmental Law v. Office of U.S. Trade Representative,* 237 F.Supp.2d 17, 24 (D.D.C. 2002).

Notwithstanding the clear and uncontested authority referenced above, demonstrating that the "inter-agency or intra agency" component of FOIA exemption (b)(5) must also be met to properly invoke this statutory exemption, Defendant DHHS's briefing curiously relies upon the separate "deliberative process" component of the FOIA exemption, and even suggests that Plaintiff Wheatland has somehow "waived" their challenge to this issue, *see* Defendant's Memorandum at 5 [Dkt 15 and 16], apparently failing to comprehend that **the application of this FOIA exemption requires the agency to also independently meet the "inter-agency or intra agency" component of this statute as a matter of law, even if the other additional requirement of exemption 5 had been met.** *See Department of Interior v. Klamath Water User's Protective Association*, 532 U.S. 1, 9-12 (2001); *see also National Institute of Military Justice v. U.S. Department of Defense*, 512 F.3d 677, 683 (D.C. Cir. 2008); *Public Employees for Environmental Responsibility v. International Boundary Water Commission,* 740 F.3d 195, 201-02 (D.C. Cir. 2014).

Plaintiff has also previously demonstrated, in his opening summary judgment briefing, that the agency has not (and cannot) meet the "consultant corollary" to the **"**inter-agency or intra agency" *requirement of* FOIA exemption (b)(5), on the basis that the Covid Panel at issue involved the direct participation of designated representatives of major trade industry stake-holders, directly representing the interests of their trade organizations regarding the subject matter of the agency deliberations. *See* Plaintiff's Memorandum at 4-9 [Dkt 13-1]; *see also* Decl Wheatland ¶¶ 17-26 [Dkt 13-2]. That issue is squarely controlled by the Supreme Court's holding in *Klamath*, see *Department of Interior v. Klamath Water User's Protective Association*, 532 U.S. 1, 9-12 (2001), and by the controlling authority of this Circuit set forth in *National Institute of Military Justice v.*

*U.S. Department of Defense*, 512 F.3d 677, 683 (D.C. Cir. 2008) and *Public Employees for Environmental Responsibility v. International Boundary Water Commission,* 740 F.3d 195, 201-02 (D.C. Cir. 2014). In response, Defendant DHHS has still presented no rebutting factual evidence to overcome the undisputed evidence establishing that the "consultant corollary" cannot properly apply under the facts and evidence which has been presented by Plaintiff on this issue. Defendant DHHS has presented no contrary evidence at all in their opposition filing to refute Plaintiff's position on this issue.

    Lastly, Plaintiff would also note that a complete and full review of both the agency's evidence submitted on this issue, and the factual evidence previously submitted by Plaintiff in this action, establish as a matter of law that Defendant DHHS has also failed to meet their burden in claiming that there is a proper factual or legal basis for their independent claim attempting to suggest that the "deliberative process privilege" of FOIA exemption (b)(5) can apply, under circumstances where the agency's panel deliberations involved directly sharing all of their Covid Panel deliberations with non-governmental third parties that have their own independent legal interests in the issues presented in the panel's records. *See* Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment at 4-8; *see also see also* Decl Wheatland ¶¶ 17-26 [Dkt 13-2].

    Nowhere in the Defendant's filings, in the Declaration of Gorka Garcia Melene [Dkt 11-3], nor elsewhere within Defendant's filings submitted in this action, does the agency even come even close to meeting their burden of establishing how these records that were shared with non-governmental stakeholders, with their own interests, can allegedly fit the "deliberative process" requirement of FOIA exemption (b)(5). Defendant DHHS cites to no cases holding that the government can share deliberations with independent stakeholder organizations, officially designated

to represent the independent interests of the organizations which they represent, and still properly assert the "deliberative process" component of FOIA exemption (b)(5).

The reason that Defendant cites to no authority for this position is readily apparent. There is not a single reported case from this court, nor from any federal Circuit Court nationwide, which even remotely support the agency's argument that the deliberative process somehow continues to apply when a federal agency intentionally shares its deliberations with private independent stakeholder organizations, that have their own interests in the subject matter of the deliberations.

It is the law of this Circuit that the agency carries the burden to support their claimed withholdings under each of the nine statutory exemptions of the FOIA statute. *See Evans v Federal Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020); *Citizens For Responsibility and Ethics In Washington v. U.S. Department of Justice*, 746 F.3d 1082, 1088 (D.C. Cir. 2014). This burden in FOIA actions remains on the agency "even when the requester files a cross-motion for summary judgment because 'the Government ultimately [has] the onus of proving that the [documents] are exempt from disclosure,' while the 'burden upon the requester is merely to establish the absence of material factual issues before a summary disposition of the case could permissibly occur.'" *Hardy v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 243 F. Supp. 3d 155, 162 (D. D.C. 2017), quoting *Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 904-05 (D.C. Cir. 1999).

For all of the reasons stated above, it is beyond dispute that the agency has not (and cannot) meet its burden as to its FOIA exemption (b)(5) arguments as a matter of law.

## II. DHHS HAS ALSO FAILED TO MEET ITS FOIA SEARCH REQUIREMENTS

In addressing the search actions undertaken by DHHS in response to Plaintiff's January 19, 2021, record request at issue in this action, it is quite notable and remarkable that neither the

Defendant's opening brief filings [Dkt 13], nor their opposition / response brief filings [Dkt 15 and 16] include any evidence, nor any statements by the agency's sole declarant, Gorka Garcia Malene [Dkt 11–3], expressly indicating that the agency searched all agency locations reasonably calculated to find all responsive records to this FOIA request, or asserting that "there are no other record systems likely to produce other documents." *See Oglesby v Department of Army*, 920 F.2d 57, 69 (D.C. Cir. 1990). That omission is not inadvertent, nor mere oversight, as Defendant DHHS expressly cites to this language in their opposition briefing, *see* Defendant's Opposition at 2 [Dkt 16], yet intentionally evades making any statements to support that controlling D.C. Circuit requirement as to "adequacy of search" for the FOIA request at hand in the present action.

The gravamen of Defendant's search action arguments in the instant FOIA action is to note, in the Declaration of Gorka Garcia Malene, that the Panel's Executive Secretary, Dr. Alice K. Pau, was aware of her own minutes of the panel proceedings which she personally created, knew where her minutes were stored, and retrieved those records, while baldly noting (without any explanation or basis) that allegedly "no recordings or transcripts of the Panel's proceedings were ever created." *See* Dec. Garcia Malene at ¶ 8, ¶ 11 [Dkt 11–3]. Based on the limited search actions described in that declaration, it is beyond dispute that Defendant DHHS's search actions in the case at hand were quite limited - they found one DHHS staff who had personally stored her own minutes of the COVID Panel's deliberations, and then retrieved her records from the location where she had stored them. *Id.*

Although Plaintiff does not dispute that Executive Secretary Pau located the minutes of the Panel deliberateness which she personally created and stored, it is notable that no evidence has been presented by the agency, nor by its Declarant, that Secretary Pau would even know if

anyone else in the DHHS agency staff, or if any of the other COVID panel participants, had also independently created minutes or notes of these COVID Panel proceedings. The agency apparently does not know (and doesn't seem to care) **if there are any other responsive records to this FOIA request.** That is exactly why Defendant DHHS has not, and cannot, make the required evidentiary statement required to assure the Court that there are not any additional responsive records created by other agency staff or panel participants that would be responsive to Plaintiff's FOIA request. The agency hasn't made that statement because they are keenly aware that they can't meet the required search standard mandated by the D.C. Circuit which they expressly cite to in their own briefing.

For this reason, it is clear that Defendant DHHS has failed to establish that it has performed a search that was "reasonably calculated to locate all responsive records" to Plaintiff's January 19, 2021, FOIA request, *see e.g. Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) ("To prevail on summary judgment [as to adequacy of search] . . . the defending agency must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents.").[1] In the absence of any claim by the agency's declarant sufficiently establishing that the agency searched in all locations and systems of records that may have responsive records to Plaintiff's FOIA request, Defendant DHHS has clearly failed to meet its search requirement for the instant FOIA request as a matter of law.

Defendant DHHS also claims that Plaintiff's makes references to other records which are

---

[1] The burden is expressly on the Defendant government agency to demonstrate that it has performed an adequate search for records responsive to the FOIA request. *See e.g. United States Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 755 (1989).

merely "speculative." *See* Defendant's Opposition at 2 [Dkt 13-5 and 13-6]. However, since the agency did not perform a complete or even a remotely adequate search for responsive records (as described above), and has exclusive control of access to all responsive agency records, Plaintiff can only note the types of records that Defendant DHHS did not document attempting to locate in their search for records responsive to Plaintiffs January 19, 2021, FOIA request. Plaintiff cannot be required to predict and prove the records that Defendant did not attempt to locate - he can only note the deficiencies in the agency's search declaration and evidence that the agency has submitted on this issue.

For example, Plaintiff has noted that the agency did not ever even attempt to determine if there were any <u>other</u> notes or minutes or recordings of the COVID Panel's deliberations, or to document any factual basis for failing to undertake a reasonable search for any additional responsive records to this FOIA request, above and beyond locating the one set of Panel notes which were created and stored by Secretary Pau. Similarly, Plaintiff has noted that since the agency has claimed that there was a "recusal" process for Panelists to officially not participate in some panel proceedings, any records of such "recusal" would clearly be responsive to the subject FOIA request, and the agency's search should have included some effort to attempt to locate such records.

As noted above, it is Defendant's burden to demonstrate that it performed a legally adequate search for responsive records, and the agency's failure to address either of those material issues in their search declaration clearly supports Plaintiff's position that the agency has not met their search obligations in the case at hand as a matter of law.

Last, but perhaps not least, as to the agency's search response position in this action, Defendant DHHS has now essentially "doubled down" on its attempt to mislead the Court regarding a fabricated issue concerning the language of Plaintiff Wheatland's FOIA request at issue in this action, by continuing to falsely assert that the agency was somehow "confused" or somehow believed that this record request sought all records "related" to the subject matter of his FOIA request. *See* Defendant's Opposition at 3-4. However, there was **never** any factual or actual basis for this pretext of "confusion" as to this issue by Defendant DHHS, because **it is simply beyond dispute that Plaintiff did not use that language in his FOIA request**. *See* Dec. Wheatland, Ex. "A" (Plaintiff's FOIA Request) [Dkt 13-2].

It is clearly beyond dispute that (1) the very generalized language of Plaintiff's Complaint referenced by Defendant, while entirely accurate, does not in any respect control or substitute for the specific language of the actual FOIA request language, which did not ever use this vague "related to" language as suggested by DHHS, and (2) the feigned "confusion" on this issue is entirely disingenuous, because it is inherently impossible for Defendant DHHS to have ever relied upon the language contained in Plaintiff's Complaint at the time he agency performed it's search actions, since the instant civil action had not yet been filed, and the language in the Complaint referenced by Defendant's counsel **did not even exist at that time.** Therefore, it is impossible for the agency to have relied on the Complaint's pleading language for their search as suggested by Defendant's counsel, because it didn't exist at the time of the agency's search.

Since the general pleading language of the Complaint is clearly not controlling over the actual and undisputed evidence submitted by the parties regarding the actual language of this FOIA request, which did not employ the language claimed by Defendant DHHS, and since it is

patently impossible for Defendant DHHS to have relied upon (or to have been confused by) the Complaint pleading language **that did not exist at the time the federal agency conducted its search actions**, it is clear that Defendant's counsel is still attempting to disingenuously mislead this Court regarding this issue.

### III.  CONCLUSION

For all of the reasons set forth above, Defendant DHHS has, as a matter of law, misapplied FOIA exemption (b)(5), and has failed to meet their statutory search obligations for the FOIA request at issue in this action. Therefore, for all of the reasons set forth above, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Summary Judgment, and deny Defendant DHHS's Motion For Summary Judgment.

Respectfully submitted this 9th day of August, 2022.

/s/ *Daniel J. Stotter*
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Lead Attorney for Plaintiff**