IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAND WHEATLAND, | ) |
|        Plaintiff, | ) |
| v. | ) Case No: 21–cv-3126 (CJN) |
| DEPARTMENT OF HEALTH & HUMAN SERVICES, | ) |
|        Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT DHHS'S SUPPLEMENTAL BRIEFING**

Plaintiff Rand Wheatland ("Plaintiff"), by and through his counsel of record, hereby submits this response memorandum and opposition to the April 14, 2023, supplemental briefing filed by Defendant Department of Health & Human Services ("DHHS") [Dkt 21], in response to the Court's March 8, 2023, Order [Dkt 19] in the above captioned action.

In the Court's March 8, 2023, Order, Defendant DHHS was authorized to file additional briefing and / or evidence addressing whether the "consultant corollary" to FOIA exemption (b)(5) [5 U.S.C. §552(b)(5)] applies to the case at hand, in light of the recent February 20, 2023, decision issued by the Honorable Judge Trevor N. McFadden, in Georgia v. U.S. Department of Justice, —F.Supp.3d —, 2003 WL 2116375 (DDC. February 20, 2023). For all of the reasons set forth below, Plaintiff will demonstrate herein that, as a matter of law, neither the District Court's decision in Georgia v. U.S. Department of Justice, —F.Supp.3d —, 2003 WL 2116375 (DDC. February 20, 2023), nor the supplemental filings submitted by DHHS, can support applying the "consultant corollary" to the undisputed material facts that are presented in the case at hand.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEFING**     - 1 -

### I. The District Court's Ruling In <u>Georgia v. U.S. Department of Justice</u> Does Not Support Applying the "Consultant Corollary" In The Instant Civil Action

The February 20, 2023, FOIA ruling in <u>Georgia v. U.S. Department of Justice</u>, —F.Supp.3d —, 2003 WL 2116375 (DDC. February 20, 2023) reinforces Plaintiff's position, previously briefed in the present action, by expressly holding that neither FOIA exemption b(5) [5 U.S.C. §552(b)(5)], nor the associated "consultant corollary" to that exemption, can properly apply, under circumstances when the non-governmental parties that were "consulted" by a federal agency are representatives of "stakeholder" organizations or entities, who are participating to represent the interests of organizations or entities, which have material interests in the outcome of the agency's decision-making process.

Although the holding in the recent District Court decision cited above did not create new law in that regard, and is squarely controlled by the controlling authority from the U.S. Supreme Court and D.C. Circuit on that issue previously referenced in Plaintiff's prior summary judgment filings,[1] it is clear that the recent decision by the Honorable Judge Trevor N. McFadden, in <u>Georgia v. U.S. Department of Justice</u>, —F.Supp.3d —, 2003 WL 2116375 (DDC. February 20, 2023) strongly reinforces Plaintiff's position in the case at hand, by making it very clear that representatives of stakeholders to an agency decision cannot, as a matter of law, qualify as being akin to objective "intra governmental" staff for purposes of the "consultant corollary" as a matter of law. *See* <u>Georgia v. U.S. Department of Justice</u>, 2003 WL 2116375 at *5-6.

Given the undisputed facts establishing that participants to the NIH COVID-19 Treatment Guidelines Panel were expressly participating as "representatives" of stakeholder organizations,

---

[1] *See* Plaintiff's Summary Judgment Memorandum at 3-6 [Dkt 13-1], *see also* Plaintiff's Reply at 2-7 [Dkt 17].

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEFING**     - 2 -

which have their own interests in the subject matter of this agency panel's recommendations,[2] it is clear from the Georgia v. Department of Justice district court decision referenced above, that Defendant DHHS is precluded from applying the "consultant corollary" as a matter of law. *See* Georgia v. U.S. Department of Justice, 2003 WL 2116375 at *5 (" ..the [D.C.] Circuit 'has consistently reiterated that the outside consultant must be a neutral party who is not representing its own interests.").

Nowhere in the district court decision is there any support for Defendant's claim that stakeholder lobbying organizations (or their representatives) should be deemed to be akin to objective government agency staff, in order to qualify for the (b)(5) exemption. In fact, the recent district court case clearly stands for the very opposite - when a federal agency shares records with interested parties / stakeholders, then this FOIA exemption **cannot apply as a matter of law**. *Id*. at *5-6. For that reason, it is apparent why Defendant DHHS attempts to evade the undisputed facts of the matter at hand, and does not even attempt to explain why they believe that the recent D.D.C. decision supports a position that trade industry lobbyist organizations, participating with a federal agency as representative "consultants" on behalf of the interests of stakeholders to the government action, somehow meets the "consultant corollary" for FOIA exemption(b)(5).

Moreover, as noted above, the above referenced 2023 district court decision does not change the pre-existing controlling authority on this issue, which was previously briefed by Plaintiff in this action, expressly holding that stakeholder parties, with their own interests in the subject matter of the agency deliberations, cannot qualify for the "consultant corollary" for purposes of applying FOIA exemption ()b)(5). *See e.g. National Institute of Military Justice v. U.S. Department of Defense*, 512

---

[2] *See e.g.* Dec. Wheatland ¶¶ 17-26 and Exhibits M - CC [Dkt 13-2].

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEFING**   - 3 -

F.3d 677, 683 (D.C. Cir. 2008); *Public Employees for Environmental Responsibility v. International Boundary Water Commission,* 740 F.3d 195, 201-02 (D.C. Cir. 2014).³

Additionally, it is beyond dispute that Defendant DHHS also does not meet the **second criteria** discussed by the district court in Georgia v. U.S. Department of Justice, —F.Supp.3d —, 2003 WL 2116375 (DDC. February 20, 2023), *Id*. at * 7-8, by the agency not actually "selecting" the representatives of industry trade organizations that would be involved in the COVID panel deliberations, but instead, **expressly asking the professional trade organization lobbyist stakeholder entities to choose the individuals to represent their organization's interests and positions in the agency panel deliberations.** *See* Decl. Stotter ¶ 3-4 (filed herewith); *see also* Decl. Stotter, Ex. A at 2 (filed herewith).

In the published article entitled "Developing Treatment Guidelines During a Pandemic Health Crisis: Lessons Learned From COVID -19" that was also cited by Defendant DHHS in their most recent filing in this civil action, *see* Defendant's Supplemental Briefing at 4 [Dkt 21], it is expressly noted by the authors of this article (members of the COVID-19 Treatment Guidelines Panel), that each of the professional lobbyist / trade association organization entities **"were asked to nominate representatives to the Panel** [the NIH Covid -19 Treatment Guidelines Panel]" *Id.* (emphasis added).  In other words, the NIH did NOT select the industry trade group representatives serving on this panel - they asked the stakeholder organizations to select / nominate a representative

---

³ By referencing the controlling language of the Supreme Court decision in *Department of Interior v. Klamath Water User's Protective Association*, 532 U.S. 1 (2001) previously cited by Plaintiff in this action, the District Court's recent decision makes clear that where a third party, consulting with a federal agency, is participating in the agency proceedings to represent the interests of a third party entity, the consultant corollary **cannot apply** as a matter of law. *See* Georgia v. U.S. Department of Justice 2023 WL 2116375, at * 5-6.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEFING**   - 4 -

who would best serve each organization's interests in the panel proceedings. *Id.*

As noted above, the District Court's decision in <u>Georgia v. U.S. Department of Justice</u> expressly found that the "consultant corollary" to FOIA exemption (b)(5) **should not be applied** where the agency is not independently selecting their "consultants" but where instead, the "consultants" are selected by the stakeholder interests as their representatives, in order to best advance their organization's interests in the agency proceedings. *See* <u>Georgia v. U.S. Department of Justice</u> at * 7-8.

### III. The Additional Supplemental Filings By DHHS Do Not Support The Consultant Corollary In the Instant Civil Action

Defendant DHHS was provided an additional opportunity in this action to attempt to meet their burden, by submitting any additional evidence that might support their claim of applying the "consultant corollary" to FOIA exemption (b)(5), per the Court's Court's March 8, 2023, Order [Dkt 19]. However, even with their additional filings, Defendant has still failed to present **any** specific or non-conclusory factual evidence to negate the undisputed material evidence previously submitted by Plaintiff in this action, establishing that the agency retained "consultants" participating as direct representatives of stakeholder industry organizations, which actively lobby to advance their positions as to medical policies and decisions of Defendant DHHS (and other federal agencies) on behalf of the industry interests which they serve. *See* Dec. Wheatland ¶¶ 17-26 and Exhibits M - CC [Dkt 13-2]. Significantly, unlike the other volunteer members of the COVID Panel, who participated solely in their individual capacity, the above referenced individuals are expressly designated [in the COVID Panel minutes] as "**representing**" their stakeholder industry lobbyist organizations. *Id*.

The most recent filings by Defendant DHHS do not refute (with any specificity) any of the material facts previously presented by Plaintiff as to that issue, and instead merely present only very

generalized and conclusory statements in the agency's recent declaration, which was filed in this action. *See* Decl. Garcia-Malene [Dkt 21-1]. No facts are presented in the agency's supplemental filings to refute the **representative capacity** of the industry stakeholders referenced above. Instead, the agency's declarant now claims to have become a "legal expert" on the issues presented in this action by recently reviewing and learning about the applicable new case law from the D.D.C. decision, *see* Decl. Garcia-Malene ¶ 2 [Dkt 21-1], and thereafter, presents a myriad of very general **conclusions**, wholly unsupported by any specific facts addressing the stakeholder's representative participation in the COVID Panel. *See e.g.* Decl. Garcia-Malene ¶¶ 13-14 [Dkt 21-1]. Defendant offers no material evidence (other than general conclusory statements) to refute or otherwise address the very detailed factual evidence which Plaintiff has presented on this issue. Cf Dec. Wheatland ¶¶ 17-26 and Exhibits M - CC [Dkt 13-2]; *see also* Decl Stotter ¶¶ 3-4 (filed herewith).

For example, although the agency declarant baldly (and inaccurately) suggests that the agency 'selected" all of the consultants serving on the NIH COVID-19 Treatment Guidelines Panel for their expertise, *see* Decl. Garcia-Malene ¶¶ 16-17 [Dkt 21-1], the panel members themselves openly acknowledge that was not the case, and that in fact, the lobbyist trade organization stakeholders referenced in Plaintiff's prior filings **were actually asked to appoint a representative of their entity to participate in the NIH COVID panel.** *See* Decl Stotter ¶¶ 3-4 (filed herewith).

As a matter of law, Defendant DHHS cannot properly rely upon the **legal conclusions of its declarant** to support their positions on these issues in the case at hand. *See* Dec Gorka Garcia-Malene ¶¶ 2, 12-15 [Dkt 21-1]; *cf*. *Stein v. CIA*, 454 F.Supp.3d 1, 14 n.3 (D.D.C. 20200; *Center for Auto Safety v National Highway Traffic Safety Admin* 93 F.Supp.2d 1, 12; *Shapiro v DOJ*, Civil No. 13-555, 2020, U.S. Dist LEXIS 233217 at *31 (D.D.C. Dec 11, 2020).

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEFING**   - 6 -

Particularly in the context of the instant FOIA Summary Judgment proceedings, where Defendant DHHS carries the burden of establishing any exemptions,[4] and where any dispute of material facts must preclude a grant of Summary Judgment to the agency Defendant,[5] it is clear that Defendant's Motion for Summary Judgment must be denied as a matter of law, as to its unsupported attempt to invoke the "consultant corollary" for FOIA exemption (b)(5) in the instant FOIA action.

### III. Conclusion

For all of the reasons set forth above, Defendant DHHS has not met its burden of establishing that the "consultant corollary" for FOIA exemption (b)(5) applies in this action.

Therefore, for all of the reasons set forth above, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Summary Judgment, and deny Defendant DHHS's Motion For Summary Judgment in the above referenced action.

Respectfully submitted this 27th day of April, 2023.

/s/ *Daniel J. Stotter*
Daniel J. Stotter (WI0015)
STOTTER Law Offices LLC
P.O. Box 1753
Corvallis, Oregon 97339
(541) 738-2601
dstotter@qwestoffice.net

Attorney for Plaintiff

---

[4] *See e.g. Evans v Federal Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020); *Citizens For Responsibility and Ethics In Washington v. U.S. Department of Justice*, 746 F.3d 1082, 1088 (D.C. Cir. 2014)

[5] *See e.g. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEFING**   - 7 -