UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAND WHEATLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　Defendant. | Civil Action No. 21-3126 (CJN) |

**DEFENDANT'S CONSENT MOTION
FOR LEAVE TO LATE FILE A REPLY**

In accordance with Federal Rule of Civil Procedure 6(b)(1)(B), Defendant, by and through undersigned counsel, respectfully requests leave of this Court to late file a Reply to Plaintiff's Response to Defendant DHHS's Supplemental Briefing until and including May 11, 2023. Counsel for Plaintiff has graciously agreed to the relief sought in this motion. In support of this motion, Defendants state as follows:

　　1.　　The deadline for the Defendant's Reply was Friday, May 5, 2023. Defendant's failure to meet this deadline was inadvertent because of undersigned counsel's oversight of the date given by the Court in its March 16, 2023 Minute Order, a miscalculation of the deadline as prescribe by the Local Rules, and the press of other litigation matters. On Friday, May 5, undersigned counsel spent a considerable amount of time, among other things, finalizing a dispositive motion in a FOIA matter. Additionally, undersigned counsel mistakenly calendared the deadline for a Reply in this case as Thursday, May 11.

　　2.　　Federal Rule of Civil Procedure 6(b)(1)(B), allows a court for good cause to extend a filing deadline after the expiration of the filing deadline "if the party failed to act because of

excusable neglect." Fed. R. Civ. Pro. 6(b)(1)(B). Excusable neglect may be found where the failure to act was the result of "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *In Re Estate of Yates*, 988 A. 2d 466, 468 (D.C. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The "press of business" may also constitute excusable neglect. *Yates*, 988 A.2d at 469. "Determining whether a party's neglect is excusable is at bottom an equitable one, taking [into] account . . . all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer Inv. Servs. Co.* at 395) (internal quotations omitted). The relevant facts for consideration by the court are "the danger of prejudice [to other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

3. Here, Plaintiff has consented to this Motion. Granting the requested extension will not impact any other deadlines and will serve the interests of justice by affording government counsel a reasonable period of additional time to fully address the points raised in Plaintiff's Response to Defendant's Supplemental Briefing.

4. A proposed order is enclosed herewith.

\* \* \* \* \*

Dated: May 9, 2023
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:       /s/ L'Shaunteé J. Robertson
     L'SHAUNTEE J. ROBERTSON
     DC BAR #980248
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     202-252-1729
     Lshauntee.robertson@usdoj.gov

*Counsel for the Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAND WHEATLAND,<br><br>      Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>      Defendant. | Civil Action No. 21-3126 (CJN) |

## **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's Consent Motion for Leave to Late File a Reply to Plaintiff's Response to Defendant DHHS's Supplemental Briefing, and for good cause shown and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED; and it is further

ORDERED that Defendant shall have until and including May 11, 2023 to file a reply to Plaintiff's Response to Defendant DHHS's Supplemental Briefing.

SO ORDERED:

Dated: _____

                                                                                    _____
                                                                                    CARL J. NICHOLS
                                                                                    United States District Judge