IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAND WHEATLAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF HEALTH & HUMAN )<br>SERVICES, )<br>)<br>Defendant. )<br>_____ ) | Case No: 21–cv-3126 (CJN) |

**PLAINTIFF RAND WHEATLAND'S SUPPLEMENTAL BRIEFING**

Plaintiff Rand Wheatland ("Plaintiff") hereby submits this supplemental briefing, pursuant to the Court's January 14, 2025 Minute Order, requesting the parties to address how the D.C. Circuit's May 17, 2024 decision in *American Oversight v. Department of Health & Human Services*, 101 F.4th 90 (D.C. Cir. 2024) impacts the similar legal issue presented in the instant action.

In that regard, it is beyond dispute that the D.C. Circuit's ruling in *American Oversight v. Department of Health & Human Services*, 101 F.4th 90 (D.C. Cir. 2024) now directly controls as to the FOIA exemption (b)(5) issue that is squarely presented in this action, by expressly holding (and therefore serving as binding authority for this case) that a federal agency cannot assert a FOIA withholding under claim of exemption b(5) [5 U.S.C. §552(b)(5)] if the record(s) involve communications with any non-governmental parties that have their own interests in the subject matter discussed or described in the records sought by the FOIA requester. *See* Am. Oversight v. U.S. Dep't of Health & Human Servs., 101 F.4th at 916-918, 922 (D.C. Cir. 2024). Plaintiff would also note that the D.C. Circuit's ruling referenced above was directly and expressly supported by

their reliance upon the ruling of the U.S. Supreme Court in *Department of Interior v. Klamath Water Users Protective Association,* 532 U.S. 1, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001), a case that was previously extensively referenced and cited to by Plaintiff Wheatland in all of his prior briefings filed in this action addressing this FOIA (b)(5) exemption issue.

In the case at hand, there is undisputed evidence in the record establishing that the participants in National Institute of Health (NIH) COVID-19 Treatment Guidelines Panel at issue in this action included individuals that were directly selected by stakeholder medical trade organizations to serve as their "representatives" for participation in the above referenced NIH Covid Panel deliberations. *See e.g.* Plaintiff's Response to Defendant's Statement of Undisputed Material Facts and Plaintiff's Supplemental Statement of Material Facts as to Which There Is No Genuine Dispute (hereinafter "Plaintiff's Statement of Undisputed Facts" ) ¶¶ 14-24  [Dkt 13-3]; *see also* Dec. Wheatland ¶¶ 16-27  [Dkt 13-2]; *see also* Decl Stotter  ¶¶ 3-4 {Dkt 22-1]. It is beyond dispute that the NIH expressly sought and allowed these stakeholder organizations to directly select their own representatives to participate in the NIH Covid Panel deliberations, and who were thereafter appointed by these stakeholder groups to represent their respective organization's interests in the context of this agency panel's deliberative process. *See e.g.* Decl. Stotter  ¶¶ 3-4 {Dkt 22-1];  *see also* Dec. Wheatland ¶¶ 16-27  [Dkt 13-2];

The DC Circuit Panel's recent decision in *Am. Oversight v. U.S. Dep't of Health & Human Servs.* establishes controlling law in this Circuit on this issue, holding that the involvement of stakeholder interests in federal decision making procedures, as was done by the NIH COVID-19 Treatment Guidelines Panel referenced above, precludes an agency's attempt to use FOIA exemption (b)(5) for those agency deliberations as a matter of law. *See Am. Oversight v. U.S. Dep't of Health*

*& Human Servs*, 101 F.4th at 922 (D.C. Cir. 2024).

As noted above, Plaintiff has documented the fact that organizations with significant stakeholder interests in the subject matter of this panel were allowed to directly appoint their own representatives to participate in this NIH COVID Panel, in order to represent their interests in the subject matter of these agency deliberations. *See* Dec. Wheatland ¶¶ 16-27 [Dkt 13-2]. In fact, the agency's own records clearly show that these stakeholder interests were expressly given authority to have individuals appointed as "representatives" of their interests in the agency's deliberative process. *See e.g.* Decl. Stotter, Ex A at 2 [Dkt 22(1) ("Professional societies were asked to nominate representative to the Panel but were not requested to endorse Panel recommendations, because time-consuming negotiations with multiple other entities would preclude rapid Panel Decisions.").

For example, it is undisputed by the record in this action that the industry trade group American Society of Hematology ("ASH"), a stakeholder in lobbying and advocating for their organization's positions regarding the Covid issues that were the subject matter of this NIH panel, appointed Lisa B. Kreuziger as their representative in the NIH Panel proceedings to lobby for that organization's interests. *See* Decl. Wheatland, ¶ 18 [Dkt 13-2]. Similarly, it is undisputed by the record that the industry trade group American College of Clinical Pharmacy ("ACCP"), a stakeholder in lobbying and advocating for their organization's positions regarding the Covid issues that were the subject matter of this NIH panel, directly appointed Steven Simpson and Mitchell Levy as their representatives in the NIH Panel proceedings to lobby for that organization's interests. *See* Decl. Wheatland, ¶ 19 [Dkt 13-2].

It is also well established, by undisputed evidence, that the lobbyist trade group American Association of Clinical Care Nurses ("AACN") directly appointed John Gallagher to lobby for that

organization's stakeholder interests in the NIH Panel deliberations. *See* Decl. Wheatland, ¶ 20 [Dkt 13-2]. Similarly, it is undisputed that the industry lobbyist trade group Society of Critical Care Medicine ("SCCM"), a stakeholder in lobbying and advocating for their organization's positions regarding the Covid 19 issues that were the subject matter of this NIH panel, directly appointed Craig Coopersmith to lobby for that organization's interests in the NIH COVID Panel proceedings. *See* Decl. Wheatland, ¶ 21 [Dkt 13-2].

The record is also clear (and undisputed) that the industry lobbyist organization American Thoracic Society ("ATS"), a trade group that actively lobbies on behalf of its interests on COVID related issues, directly selected and appointed Kevin C. Wilson to serve as that organization's representative to represent their interests the above referenced NIH COVID Panel deliberations. *See* Decl. Wheatland, ¶ 22 [Dkt 13-2]. Similarly, the industry trade group Pediatric Infectious Diseases Society ("PIDS"), which actively lobbies for the position of its members, including direct advocacy on Covid issues that were the subject matter of this NIH panel, directly appointed Alphana Wagmare to represent this stakeholder organization's interests at the NIH Panel meetings and deliberations. *See* Decl. Wheatland, ¶ 23 [Dkt 13-2].

It is also undisputed that the industry trade lobbyist organization the Society of Infectious Diseases Pharmacists ("SIDP"), which lobbies and advocates on the Covid 19 issues that were the subject matter of this NIH panel, selected Susan Davis to participate and represent their interests in the NIH Covid panel on behalf of this industry trade group. *See* Decl. Wheatland, ¶ 24 [Dkt 13-2]. The evidence also establishes that the industry trade organization American College For Emergency Physicians, a stakeholder group that lobbies and advocates the Covid issues that were the subject matter of this NIH panel, directly appointed Stephen V. Cantrill as their representative of that

organization's interests for the above referenced NIH COVID Panel proceedings. *See* Decl. Wheatland, ¶ 25 [Dkt 13-2]. Lastly, it is undisputed that the industry trade lobbyist organization American Association of Respiratory Care, a group that actively lobbies for its own interests regarding the Covid issues at issue for this panel, appointed Carl Hinkonson to represent that group's interests in these NIH Covid Panel proceedings. *See* Decl. Wheatland, ¶ 26 [Dkt 13-2].

Particularly in the context of these FOIA Summary Judgment proceedings, where the agency Defendant carries the burden of establishing that any exemptions apply, *see e.g. Evans v Federal Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020), and where a disputed material fact precludes a grant of Summary Judgment, s*ee e.g. Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986), Defendant's Motion for Summary Judgment must be denied as a matter of law as to its unsupported attempt to invoke the "consultant corollary" for FOIA exemption (b(5) in this action.

For all of the reasons set forth above, and by the D.C. Circuit's controlling ruling in *American Oversight* discussed herein, Defendant DHHS has clearly not met its burden of establishing that the "consultant corollary" for FOIA exemption (b(5) can properly apply in this action. Therefore, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Summary Judgment, and deny Defendant DHHS's Motion For Summary Judgment in this action.

Respectfully submitted this 27th day of January, 2025.

/s/ *Daniel J. Stotter*
Daniel J. Stotter (WI0015)
STOTTER Law Offices LLC
P.O. Box 1753
Corvallis, Oregon 97339
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**