UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAND WHEATLAND,<br><br>                        Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>                        Defendant. | Civil Action No. 21-3126 (CJN) |

## JOINT STATUS REPORT

Pursuant to the Court's April 24, 2025 Memorandum Opinion [Dkt 27] in the above captioned action, Plaintiff Rand Wheatland ('Plaintiff') and Defendant U.S. Department of Health and Human Services ("DHHS"), by and through their undersigned counsel, have conferred in this matter, and hereby respectfully submit this Joint Status Report to provide the Court with their respective positions as to the next steps in this litigation:

### Plaintiff's Position

1.    Plaintiff has been informed that DHHS is currently evaluating whether the Court's April 24, 2025 Memorandum Opinion is an appealable decision, and understand that the agency's position is that they cannot currently take any other actions until that determination has been made. The undersigned counsel for Plaintiff has informed counsel for DHHS of their position that this ruling is not an appealable decision. *See e.g. In Re: Domestic Airline Travel AntiTrust Litigation*, 3 F.4th 457, 459-460 (D.C. Cir. 2021); *see also Robinson Reeder v. American Council On Education*, 571 F.3d 1333, 1336-1337 (D.C. Cir. 2009). However, Plaintiff has indicated no

objection to the parties filing a further JSR within 30 days, to allow the agency to make their independent determination as to that issue.

    2.    Plaintiff's position is that any new exemption claims arising under FOIA exemption (b)(6) [5 U.S.C. §552(b)(6)] have now been waived by Defendant DHHS at this time, as a matter of law, by the agency's failure to ever raise this issue in this action, even after it was referenced by Plaintiff's May 24, 2022 filings years ago in this litigation, *see* Dkt 13-1 at 10, as there is no "good cause" for the agency's failure to ever raise or otherwise address this issue in the course of approximately four years in responding to this FOIA matter. *See e.g. Shapiro v. DOJ*, 507 F.Supp.3d 283, 295, 326. (D.D.C. 2020); *see also Judial Watch, Inc. v. DOE*, 319 F.Supp. 2d 32, 34 (D.D.C. 2004).

However, if the agency is allowed to belatedly redact any material from the COVID panel minutes under FOIA exemption (b)(6) [5 U.S.C. §552(b)(6)], Plaintiff's position is that any such redactions should be very limited and minimal in scope, and directly applicable to actual personal privacy harm concerns (ie: private telephone numbers, home addresses, personal social security numbers, bank account or credit card information etc.), as opposed to discussions of the COVID policy issues and discussions that form the substantive purpose of the panel deliberations.

To the extent that any limited redactions are allowed for the COVID Panel minutes at this time, DHHS should be required to identify those redactions within 30 days, and provide Plaintiff with a redacted copy of the responsive COVID Panel records within that time frame. Thereafter, Plaintiff would propose that the parties file a further JSR, within 30 days of the release of these redacted records, to inform the Court if there are any remaining issues or objections to the agency's record release and redactions which require further judicial review.

3.      Lastly, once the substantive issues in this action have been fully resolved, Plaintiff shall promptly inform the Court of this status, and provide an itemized billing statement and proposed settlement for fees and costs in this action to DHHS, so that the parties can make efforts to cooperatively settle the final issue of Plaintiff's recovery of litigation fees and costs in this action, and thereafter file a further JSR within 30 days, informing the court of their progress towards reaching a settlement of that issue, or if necessary, providing a proposed fee motion briefing schedule.

### **Defendant's Position**

As noted above, Defendant is evaluating whether the Court's April 24, 2025 Memorandum Opinion is an appealable decision, and if so, whether it will appeal. When that decision is formally made and notice given to undersigned government counsel consistent with Department of Justice policy, Defendant will be in a better position to estimate the time it will take for production. Given recent and expected staffing reductions in the agency's FOIA office, it is more reasonable that Defendant would be able to identify redactions within 60 days (rather than 30) and provide Plaintiff with a redacted copy of the responsive records within that time frame.

*     *     *

| | |
|---|---|
| Dated May 15, 2025<br>Washington, DC<br><br>/s/ Daniel J. Stotter<br>DANIEL J. STOTTER<br>D.D.C.  Bar #WI0015<br>Stotter Law Offices LLC<br>P.O. Box 1753<br>Corvallis OR 97339<br>(541) 738-2601<br>dstotter@qwestoffice.net<br><br>*Attorney for Plaintiff* | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br> *United States Attorney*<br><br>By: */s/ L'Shaunteé J. Robertson*<br>L'SHAUNTEE J. ROBERTSON<br>D.C. Bar #980248<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-1729<br><br>*Attorneys for the United States of America* |