UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAND WHEATLAND,<br><br>                    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>                    Defendant. | Civil Action No. 21-3126 (CJN) |

**JOINT STATUS REPORT**

      Pursuant to the Court's May 22, 2025 Minute Order in the above captioned action, Plaintiff Rand Wheatland ('Plaintiff") and Defendant U.S. Department of Health and Human Services ("DHHS"), by and through their undersigned counsel, have conferred in this matter, and hereby respectfully submit this Joint Status Report to provide the Court with their respective positions as to the next steps in this litigation:

**Defendant's Position**

      1.      On June 23, 2025, Defendant filed a notice of appeal regarding the Court's April 24, 2025, Memorandum Opinion. ECF No. 30. The agency is currently evaluating what will be required to reprocess the records in this matter consistent with the Court's Memorandum Opinion and requests another 60 days to complete that assessment and propose a schedule for production. The agency respectfully proposes that the Parties file a further joint status report in 60 days and propose a schedule for further proceedings at that time, as appropriate.

**Plaintiff's Position**

2. Plaintiff Wheatland remains concerned by Defendant DHHS's continued attempt to improperly delay and evade providing the non-exempt COVID panel minute records sought by Plaintiff's January 29, 2021 FOIA Request at issue in this action. To date, despite diligent attempts by the undersigned counsel for Plaintiff to confer with the agency's counsel following the issuance of this Court's April 24, 2025 Order [Dkt 27], Plaintiff has still received **no information** from DHHS indicating when he can expect to receive all of the non-exempt responsive records from the agency, which have now been sought for more than three years. Plaintiff would report that it now appears that the agency will continue to do everything that it can to continue to evade compliance with this Court's ruling, and that the DHHS will continue to seek additional improper delays in this matter, unless and until it is ordered to immediately provide all responsive non-exempt public records to Plaintiff at this time.

3. As previously set forth noted in the parties' May 15, 2025, Joint Status Report filing [Dkt 28], there is no basis at law for the agency to file an appeal of the Court's non-final April 24, 2025 Order [Dkt 27] at this time, *see* Dkt 28 ¶1, and even after being expressly informed that this interlocutory ruling is not an appealable decision by controlling authority in that prior filing, *id.*,*see e.g. In Re: Domestic Airline Travel AntiTrust Litigation*, 3 F.4th 457, 459-460 (D.C. Cir. 2021); *see also Robinson Reeder v. American Council On Education,* 571 F.3d 1333, 1336-1337 (D.C. Cir. 2009), the agency has still indicated (without any explanation) that it nonetheless plans to proceed with filing an improper appeal of this action, in what appears to be a bad faith action, that

is being undertaken for the purpose of seeking to further improperly delay compliance with the FOIA statute and with this Court's prior ruling in this action.[1]

    4. In addition, Defendant DHHS has also still failed to ever provide Plaintiff (or this Court) with any response or explanation addressing Plaintiff's position, expressly presented in the parties' May 15, 2025 JSR filing [Dkt 28], that any belated new FOIA claims in this action arising under FOIA exemption (b)(6) [5 U.S.C. §552(b)(6)] have now been waived by DHHS, as a matter of law, by the agency's failure to ever attempt to raise or address that issue in this action, even after it was expressly referenced by Plaintiff's May 24, 2022 filings two years ago in this litigation, *see* Dkt 13-1 at 10, and also by this Court's April 24, 2025 Order [Dkt 27]. It is beyond dispute that DHHS has still failed to identify **any** good faith basis to delay this litigation for many additional years on that basis. It is also clear that there is no "good cause" for the agency's failure to ever raise or otherwise address this issue in the course of approximately four years in responding to this FOIA request matter. *See e.g. Shapiro v. DOJ*, 507 F.Supp.3d 283, 295, 326. (D.D.C. 2020); *see also Judicial Watch, Inc. v. DOE*, 319 F.Supp. 2d 32, 34 (D.D.C. 2004). There is simply no lawful nor good faith basis to support any agency's attempt to now try to "move the goal posts" in this action by belatedly raising new issues or claims, when it had ample opportunity to previously raise new claims over the course of several years of filings in this litigation, and it is clear that any attempt to belatedly do so now, at this very late date, is clearly improper, and for the primary purpose of causing further delays, and / or otherwise evade the timely production of the COVID

---

[1] DHHS has not sought a Federal Rule 54(b) Motion for this Court to determine if this case is appropriate for interlocutory appeal, nor provided Plaintiff (or this Court) with any lawful basis for appealing the non-final Order in this action. Therefore, Plaintiff believes the agency's Notice of Appeal filing of his non-final ruling is being undertaken in bad faith, and for the improper purpose of seeking to further delay these judicial proceedings, and to otherwise improperly evade providing Plaintiff with non-exempt records that he is seeking in this action.

Panel records which are sought by Plaintiff's January 29, 2021 FOIA Request at issue in this action.

5. Therefore, for all of the reasons set forth above, after Defendant's improper current attempt to try to cause jurisdictional confusion and further delays by filing an improper appeal have been rejected (or dismissed by Defendant after successfully achieving its goal of seeking these additional delay in this action), Plaintiff would request that this Court proceed directly with issuing a final order for Plaintiff in this action, to fully and conclusively address all of the substantive matters in this action, so that the parties can thereafter proceed with addressing the remaining fee motion issue in this action which was previously referenced in the parties' prior JSR filing in this matter [Dkt 28].

Dated June 23, 2025
Washington, DC

Respectfully submitted,

/s/ Daniel J. Stotter
DANIEL J. STOTTER
D.D.C. Bar #WI0015
Stotter Law Offices LLC
P.O. Box 1753
Corvallis OR 97339
(541) 738-2601
dstotter@qwestoffice.net

*Attorney for Plaintiff*

JEANINE FERRIS PIRRO
 *United States Attorney*

By: */s/ Sian Jones*
SIAN JONES, D.C. Bar # 1024062
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2578

*Attorneys for the United States of America*