APPEAL,TYPE I–FOIA

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:21−cv−03126−CJN
### *Internal Use Only*

| | |
|---|---|
| WHEATLAND v. DEPARTMENT OF HEALTH & HUMAN SERVICES<br>Assigned to: Judge Carl J. Nichols<br>Cause: 05:552 Freedom of Information Act | Date Filed: 11/29/2021<br>Jury Demand: None<br>Nature of Suit: 895 Freedom of Information Act<br>Jurisdiction: Federal Question |

**Plaintiff**

**RAND WHEATLAND**　　　　represented by　**Lance Quaranto**
795 W. 7th Avenue
Eugene, OR 97402
541−393−8485
Email: lance.d.quaranto@gmail.com
*ATTORNEY TO BE NOTICED*

**Daniel J. Stotter**
STOTTER LAW OFFICES LLC
P.O. Box 1753
Corvallis, OR 97339
541−738−2601
Email: dstotter@qwestoffice.net
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES**　　represented by　**Bradley Silverman**
DOJ–USAO
Civil Division
601 D Street NW
Washington, DC 20001
(202) 252−2575
Email: bradley.silverman@usdoj.gov
*TERMINATED: 01/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**L'Shauntee J. Robertson**
DOJ–USAO
601 D Street NW
Suite 7.731
Washington, DC 20530
(202) 252−1729
Fax: (202) 252−2599

Email: lshauntee.robertson@usdoj.gov
*TERMINATED: 06/17/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sian Jones**
DOJ–USAO
601 D Street, NW
Washington, DC 20530
(202) 252–2578
Email: sian.jones@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/29/2021 | 1 | COMPLAINT against DEPARTMENT OF HEALTH & HUMAN SERVICES ( Filing fee $ 402 receipt number ADCDC–8893421) filed by RAND WHEATLAND. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(Stotter, Daniel) (Entered: 11/29/2021) |
| 11/30/2021 | | Case Assigned to Judge Carl J. Nichols. (adh, ) (Entered: 11/30/2021) |
| 11/30/2021 | 2 | SUMMONS (3) Issued Electronically as to DEPARTMENT OF HEALTH & HUMAN SERVICES, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(adh, ) (Entered: 11/30/2021) |
| 12/03/2021 | 3 | STANDING ORDER. Signed by Judge Carl J. Nichols on December 3, 2021. (lccjn2) (Entered: 12/03/2021) |
| 12/24/2021 | 4 | NOTICE of Appearance by Bradley Silverman on behalf of DEPARTMENT OF HEALTH & HUMAN SERVICES (Silverman, Bradley) (Entered: 12/24/2021) |
| 01/05/2022 | 5 | ANSWER to Complaint by DEPARTMENT OF HEALTH & HUMAN SERVICES.(Silverman, Bradley) (Entered: 01/05/2022) |
| 01/10/2022 | | MINUTE ORDER. Before the Court in this Freedom of Information Act case are a Complaint and an Answer. According to Local Civil Rule 16.3, the requirements of Federal Rule of Civil Procedure 26(f) are inapplicable. It is hereby ORDERED that the Parties shall confer and file a Joint Status Report on or before 2/10/2022. The Joint Status Report shall address: (1) the status of Plaintiff's FOIA request; (2) the anticipated number of documents responsive to Plaintiff's FOIA request; (3) the anticipated date(s) for release of the documents requested by Plaintiff; (4) whether a motion for stay is likely under *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976); (5) the possibility of prioritizing documents responsive to Plaintiff's request[s] and any discussions regarding whether Plaintiff's request[s] can be narrowed; and (6) whether the Parties anticipate summary judgment briefing and, if so, a proposed briefing schedule. Signed by Judge Carl J. Nichols on January 10, 2022. (lccjn2) Modified on 1/10/2022 to correct date(zcal). (Entered: 01/10/2022) |
| 01/10/2022 | | Set/Reset Deadlines: Joint Status Report due by 2/10/2022. (zcal) (Entered: 01/11/2022) |
| 02/03/2022 | 6 | |

| | | |
|---|---|---|
| | | Joint STATUS REPORT by DEPARTMENT OF HEALTH & HUMAN SERVICES. (Silverman, Bradley) (Entered: 02/03/2022) |
| 02/08/2022 | | MINUTE ORDER. Upon review of the 6 Joint Status Report, it is ORDERED that the following schedule shall control summary judgment briefing: (1) Defendant's motion for summary judgment shall be filed on or before March 18, 2022; (2) Plaintiff's response to Defendant's motion for summary judgment and cross−motion for summary judgment shall be filed on or before April 22, 2022; (3) Defendant's reply in support of the motion for summary judgment and the response to Plaintiff's cross−motion for summary judgment shall be filed on or before May 27, 2022; and (4) Plaintiff's reply in support of the cross−motion for summary judgment shall be filed on or before July 1, 2022. Signed by Judge Carl J. Nichols on February 8, 2022. (lccjn2) (Entered: 02/08/2022) |
| 02/08/2022 | | Set/Reset Deadlines: Summary Judgment motions due by 3/18/2022. Response to Motion for Summary Judgment due by 4/22/2022. Cross Motions due by 4/22/2022. Response to Cross Motions due by 5/27/2022. Reply to Motion for Summary Judgment due by 5/27/2022. Reply to Cross Motions due by 7/1/2022. (zcal) (Entered: 02/08/2022) |
| 03/14/2022 | 7 | Consent MOTION for Extension of Time to *File Motion for Summary Judgment And Subsequent Briefing* by DEPARTMENT OF HEALTH & HUMAN SERVICES. (Silverman, Bradley) (Entered: 03/14/2022) |
| 03/17/2022 | | MINUTE ORDER. Upon review of the 7 Consent Motion for Extension of Time to Modify the Summary Judgment Briefing Schedule, it is ORDERED that the Motion is GRANTED. It is further ORDERED that Defendant's Motion for Summary Judgment is due on or before April 1, 2022; Plaintiff's Response in Opposition to Motion and Cross−Motion for Summary Judgment is due on or before May 6, 2022; Defendant's Reply in Support of Motion and Opposition to Cross−Motion is due on or before June 10, 2022; and Plaintiff's Reply in Support of the Cross−Motion is due on or before July 22, 2022. Signed by Judge Carl J. Nichols on March 17, 2022. (lccjn2) (Entered: 03/17/2022) |
| 03/17/2022 | | Set/Reset Deadlines: Summary Judgment motions due by 4/1/2022. Response to Motion for Summary Judgment due by 5/6/2022. Cross Motions due by 5/6/2022. Response to Cross Motions due by 6/10/2022. Reply to Motion for Summary Judgment due by 6/10/2022. Reply to Cross Motions due by 7/22/2022. (zcal) (Entered: 03/17/2022) |
| 03/27/2022 | 8 | Consent MOTION for Extension of Time to *File Motion for Summary Judgment And Subsequent Briefing* by DEPARTMENT OF HEALTH & HUMAN SERVICES. (Silverman, Bradley) (Entered: 03/27/2022) |
| 04/01/2022 | | MINUTE ORDER. Upon review of 12 the Consent Motion for an Extension of Time, it is ORDERED that the Motion is GRANTED. It is further ORDERED that Defendant shall file a motion for summary judgment on or before April 5, 2022; Plaintiff shall file a response and a cross motion for summary judgment on or before May 10, 2022; Defendant may file a reply in support of the motion and an opposition to the cross−motion on or before June 14, 2022; and Plaintiff may file a reply in support of the cross−motion on or before July 26, 2022. Signed by Judge Carl J. Nichols on April 1, 2022. (lccjn2) (Entered: 04/01/2022) |
| 04/01/2022 | 9 | NOTICE of Appearance by Lance Quaranto on behalf of RAND WHEATLAND (Quaranto, Lance) (Main Document 9 replaced on 4/1/2022) (zeg). (Entered: |

| | | |
|---|---|---|
| | | 04/01/2022) |
| 04/01/2022 | | Set/Reset Deadlines: Cross Motions due by 5/10/2022. Response to Cross Motions due by 6/14/2022. Reply to Cross Motions due by 7/26/2022. Summary Judgment motions due by 4/5/2022. Response to Motion for Summary Judgment due by 5/10/2022. Reply to Motion for Summary Judgment due by 6/14/2022. (zcal) (Entered: 04/04/2022) |
| 04/04/2022 | 10 | Joint MOTION to Clarify *Briefing Schedule* by DEPARTMENT OF HEALTH & HUMAN SERVICES. (Silverman, Bradley) (Entered: 04/04/2022) |
| 04/05/2022 | | MINUTE ORDER. Upon consideration of the 10 Joint Motion for Clarification, it is ORDERED that the parties shall follow the schedule set out in the Court's Order entered on April 1, 2022. Signed by Judge Carl J. Nichols on April 5, 2022. (lccjn2) (Entered: 04/05/2022) |
| 04/05/2022 | 11 | MOTION for Summary Judgment by DEPARTMENT OF HEALTH & HUMAN SERVICES. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Declaration of Gorka Garcia–Malene, # 4 Text of Proposed Order)(Silverman, Bradley) (Entered: 04/05/2022) |
| 04/08/2022 | 12 | Unopposed MOTION for Extension of Time to File Response/Reply by RAND WHEATLAND. (Stotter, Daniel) (Entered: 04/08/2022) |
| 04/11/2022 | | MINUTE ORDER. Upon review of the 12 Consent Motion for an Extension of Time, it is ORDERED that the GRANTED. It is further ORDERED that Plaintiff shall file his combined Opposition to Defendant's Motion for Summary Judgment on or before May 24, 2022, Defendant shall file the combined Reply in support of Defendant's Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment on or before June 28,2022; and Plaintiff shall file his Reply in support of Plaintiff's Cross Motion for Summary Judgment on or before August 9, 2022. Signed by Judge Carl J. Nichols on April 11, 2022. (lcjw) (Entered: 04/11/2022) |
| 04/11/2022 | | Set/Reset Deadlines: Reply to Cross Motions due by 8/9/2022. Response to Motion for Summary Judgment due by 5/24/2022. Reply to Motion for Summary Judgment due by 6/28/2022. (zcal) (Entered: 04/11/2022) |
| 05/24/2022 | 13 | MOTION for Summary Judgment by RAND WHEATLAND. (Attachments: # 1 Memorandum in Support, # 2 Declaration Rand Wheatland & Exhibits, # 3 Statement of Facts, # 4 Text of Proposed Order)(Stotter, Daniel) (Entered: 05/24/2022) |
| 05/24/2022 | 14 | RESPONSE re 11 MOTION for Summary Judgment filed by RAND WHEATLAND. (Attachments: # 1 Declaration Rand Wheatland & Exhibits, # 2 Statement of Facts, # 3 Text of Proposed Order)(Stotter, Daniel) (Entered: 05/24/2022) |
| 06/28/2022 | 15 | REPLY to opposition to motion re 11 MOTION for Summary Judgment filed by DEPARTMENT OF HEALTH & HUMAN SERVICES. (Silverman, Bradley) (Entered: 06/28/2022) |
| 06/28/2022 | 16 | RESPONSE re 13 MOTION for Summary Judgment filed by DEPARTMENT OF HEALTH & HUMAN SERVICES. (Silverman, Bradley) (Entered: 06/28/2022) |
| 08/09/2022 | 17 | REPLY to opposition to motion re 13 MOTION for Summary Judgment filed by RAND WHEATLAND. (Stotter, Daniel) Modified docket relationship on 8/10/2022 (zed). (Entered: 08/09/2022) |
| 01/12/2023 | 18 | |

| | | |
|---|---|---|
| | | NOTICE OF SUBSTITUTION OF COUNSEL by L'Shauntee J. Robertson on behalf of All Defendants (Robertson, L'Shauntee) (Entered: 01/12/2023) |
| 03/08/2023 | 19 | ORDER. Signed by Judge Carl J. Nichols on March 8, 2023. (lccjn2) (Entered: 03/08/2023) |
| 03/14/2023 | 20 | NOTICE *of Intention to File Supplemental Briefing* by DEPARTMENT OF HEALTH & HUMAN SERVICES (Robertson, L'Shauntee) (Entered: 03/14/2023) |
| 03/16/2023 | | MINUTE ORDER. Upon review of the Defendant's 20 Notice of Intention to File Supplemental Briefing, it is ORDERED that the Defendant shall file its supplemental brief on or before April 14, 2023, the Plaintiff shall file his response on or before April 28, 2023, and the Defendant shall file a reply, if any, on or before May 5, 2023. It is further ORDERED that the case is STAYED until May 5, 2023. Signed by Judge Carl J. Nichols on March 16, 2023. (lccjn2) (Entered: 03/16/2023) |
| 04/14/2023 | 21 | SUPPLEMENTAL MEMORANDUM to re 11 MOTION for Summary Judgment *Motion for Summary Judgment* filed by DEPARTMENT OF HEALTH & HUMAN SERVICES. (Attachments: # 1 Exhibit Garcia−Malene Declaration)(Robertson, L'Shauntee) Modified to add link on 4/20/2023 (znmw). (Entered: 04/14/2023) |
| 04/27/2023 | 22 | SUPPLEMENTAL MEMORANDUM to *Plaintiff's Response To Defendant's Supplemental Briefing* filed by RAND WHEATLAND. (Attachments: # 1 Declaration of Daniel J. Stotter & Ex. A)(Stotter, Daniel) (Entered: 04/27/2023) |
| 05/09/2023 | 23 | Consent MOTION for Leave to File *Reply Out of Time* by DEPARTMENT OF HEALTH & HUMAN SERVICES. (Robertson, L'Shauntee) (Entered: 05/09/2023) |
| 05/10/2023 | | MINUTE ORDER. Upon review of Defendant's 23 Consent Motion for Leave to File Reply Out of Time, it is ORDERED that the Motion is GRANTED. It is further ORDERED that Defendant shall file a reply on or before May 11, 2023. Signed by Judge Carl J. Nichols on May 10, 2023. (lccjn2) (Entered: 05/10/2023) |
| 05/11/2023 | 24 | RESPONSE re 22 Supplemental Memorandum filed by DEPARTMENT OF HEALTH & HUMAN SERVICES. (Robertson, L'Shauntee) (Entered: 05/11/2023) |
| 01/14/2025 | | MINUTE ORDER. In May 2024, the Court of Appeals decided *American Oversight v. Dept of Health & Human Servs.*, 101 F.4th 909 (D.C. Cir. 2024), a case raising similar issues to those in this case. Plaintiff is ORDERED to file a supplemental brief on or before January 27, 2025, on the effect of that case on the cross−motions for summary judgment. Defendant is ORDERED to file its response to that memorandum on or before February 3, 2025. Neither filing shall exceed five pages. So ORDERED by Judge Carl J. Nichols on January 14, 2025. (lccjn2) (Entered: 01/14/2025) |
| 01/27/2025 | 25 | SUPPLEMENTAL MEMORANDUM to *Court's January 14, 2025 Minute Order* filed by RAND WHEATLAND. (Stotter, Daniel) (Entered: 01/27/2025) |
| 02/03/2025 | 26 | SUPPLEMENTAL MEMORANDUM to re Order,,, Set Deadlines,, filed by UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES. (Robertson, L'Shauntee) (Entered: 02/03/2025) |
| 04/24/2025 | 27 | Order GRANTING IN PART the 11 Motion for Summary Judgment and GRANTING IN PART the 13 Motion for Summary Judgment. The Parties are ORDERED to file a joint status report on or before May 15, 2025. Signed by Judge Carl J. Nichols on April 24, 2025. (lccjn2) (Entered: 04/24/2025) |

| 05/15/2025 | 28 | Joint STATUS REPORT by RAND WHEATLAND. (Stotter, Daniel) (Entered: 05/15/2025) |
|---|---|---|
| 05/22/2025 |  | MINUTE ORDER. Upon consideration of the 28 Joint Status Report, the Parties are ORDERED to file another joint status report on or before June 23, 2025. So ORDERED by Judge Carl J. Nichols on May 22, 2025. (lccjn2) (Entered: 05/22/2025) |
| 06/17/2025 | 29 | NOTICE OF SUBSTITUTION OF COUNSEL by Sian Jones on behalf of UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES Substituting for attorney L'Shauntee J. Robertson (Jones, Sian) (Entered: 06/17/2025) |
| 06/23/2025 | 30 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 27 Order on Motion for Summary Judgment,,,, Set/Reset Deadlines, by UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES. Fee Status: No Fee Paid. Parties have been notified. (Jones, Sian) (Entered: 06/23/2025) |
| 06/23/2025 | 31 | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES. (Jones, Sian) (Entered: 06/23/2025) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAND WHEATLAND,<br><br>        *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>        *Defendant*. | Civil Action No. 21-3126 (CJN) |

**NOTICE OF APPEAL BY DEFENDANT**

Pursuant to Federal Rules of Appellate Procedure 3 and 4(a), notice is hereby given that Defendant U.S. Department of Health and Human Services, through its counsel of record, appeals to the United States Court of Appeals for the D.C. Circuit, from the April 24, 2024 Order and Memorandum Opinion. ECF No. 27.

| | |
|---|---|
| Dated: June 23, 2025<br>Washington, DC | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By:      /s/  *Sian Jones*      <br>SIAN JONES, D.C. BAR No. 1024062<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-2578<br><br>*Attorneys for the United States of America* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAND WHEATLAND, *Plaintiff*, v. UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, *Defendant*. | Civil Action No. 1:21-cv-03126 (CJN) |

**MEMORANDUM OPINION**

In response to the coronavirus pandemic, the government promulgated the COVID-19 Treatment Guidelines "to provide health care providers, patients, and policy experts the most up to date information concerning the optimal treatment and management of COVID-19." ECF 11-3 at 2. To help it update the Guidelines as its understanding of the virus evolved, the government formed the COVID-19 Treatment Guidelines Panel, a body of "public health experts from federal agencies, health care and academic organizations, and professional societies." *Id.* The government adopted changes to the Guidelines that were supported by a majority of the Panel's members. *Id.* at 2–3. Dr. Alice K. Pau, a government-employed scientist, "serve[d] as the Panel's Executive Secretary" and took minutes of its meetings. *Id.* at 3–4. Although the Panel's conclusions formed the basis of the Guidelines, the Panel's discussions were kept confidential. *Id.* at 4.

Plaintiff Rand Wheatland submitted a FOIA request seeking "all of the transcripts, minutes and recordings of the meetings of the [ ] COVID-19 Treatment Guidelines Panel from 2020 and 2021." ECF 13-2 at 12. In response, the government produced highly redacted copies of Pau's meeting minutes to Wheatland. Wheatland challenged those redactions through an administrative

1

appeal, and when that failed, he brought this suit.  Both parties now move for summary judgment.  The Court grants the government's motion as to the adequacy of its search, but it grants Wheatland's motion as to the government's redactions.

## Analysis

**A.     Adequacy of Search**

The adequacy of a search for responsive records "is measured by the reasonableness of the effort in light of the specific request." *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986).  Wheatland's request sought only "the transcripts, minutes and recordings" of the Panel's meetings.  ECF 13-2 at 12.  Upon receiving that narrow request, Pau—the Panel's Executive Secretary, and thus the person best positioned to identify records responsive to Wheatland's request—located the minutes she had taken of the Panel's meetings.  ECF 11-3 at 4.  She then determined that "there were no other places where Panel meetings minutes would be" and "confirmed that no recordings or transcripts of the Panel's meetings were ever created." *Id.*  That suffices to show that the government conducted an adequate search for records; Wheatland's "purely speculative claims about the existence and discoverability of other documents" does not establish otherwise.  *See Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981).

**B.     Exemption 5**

The government bears the burden of establishing that a FOIA exemption shields records from disclosure.  *See Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  The only pertinent exemption for present purposes is Exemption 5, which covers "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).

2

As is clear from its text, Exemption 5 has two requirements: The records at issue must be inter-agency or intra-agency, and they must be shielded by one of "the privileges available to Government agencies in civil litigation, such as the deliberative process privilege, attorney-client privilege, and attorney work-product privilege." *Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 263 (2021). The government argues, and Wheatland does not contest, that the second requirement is met. *See* ECF 11 at 11–12; ECF 17 at 3. The Parties' dispute instead centers on Exemption 5's first requirement. Wheatland argues that the minutes are not inter- or intra-agency records because the Panel was composed of outsiders, including representatives from healthcare lobbying organizations. The government has two responses.

1. **Government Authorship**

The government argues that the minutes are intra-agency records because they were created by Dr. Pau, an agency employee, and "reflect her subjective assessment as to which aspects of the Panel's deliberations she considered most important to the Guidelines' formulation." ECF 11-3 at 4. The government bases that argument on four cases in which the court applied Exemption 5 to a government employee's summary of outside materials. *See* ECF 11-1 at 13 (collecting cases). But three of these cases were decided before the Supreme Court clarified that the intra-agency requirement under Exemption 5 has "independent vitality," *Dep't of Interior v. Klamath Water Users Prot. Ass'n*, 532 U.S. 1, 12 (2001), and so all three dealt solely with the exemption's privilege requirement, *see, e.g.*, *Mapother v. DOJ*, 3 F.3d 1533, 1537–41 (D.C. Cir. 1993). The fourth case is not relevant for a different reason; there, the parties agreed that the documents "qualif[ied] as inter-agency or intra-agency memoranda under Exemption 5," so the court "assume[d] without deciding that they are such memoranda." *Ancient Coin Collectors Guild v.*

3

*Dep't of State*, 641 F.3d 504, 513 (D.C. Cir. 2011).  All four cases therefore have little bearing here.

In any case, the minutes contain much more than Pau's own thoughts about the deliberations.  For example, one set of minutes includes a redacted section titled "[o]ther comments from members," ECF 13-2 at 40, while several other sets contain redacted paragraphs apparently summarizing statements given by the Panel's participants, *see, e.g.*, *id.* at 45–46.  Those notes are statements made to and received from third parties, not internal deliberative thoughts of a government employee.  In the absence of an exception (such as the consultant corollary, discussed below), such "communications between agencies and outside parties are not protected under Exemption 5." *Ctr. for Int'l Env't Law v. Off. of U.S. Trade Rep.*, 237 F. Supp. 2d 17, 25 (D.D.C. 2002); *see also Dep't of Interior v. Klamath Water Users Prot. Ass'n*, 532 U.S. 1, 9–10 (2001) ("[N]either the terms of the exemption nor the statutory definitions say anything about communications with outsiders … .").[1]

### 2.      **Consultant Corollary**

Although the general rule is that Exemption 5 does not shield communications with third parties—because such communications would not be inter- or intra-agency—some courts have recognized an exception for communications "submitted by outside consultants" that were "solicited by the agency." *Ryan v. DOJ*, 617 F.2d 781, 790 (D.C. Cir. 1980).  The Supreme Court has considered that so-called consultant corollary only once. *See generally Klamath*, 532 U.S. 1.  There, the Court concluded that the consultant corollary cannot apply to communications with a

---

[1] Even assuming that Exemption 5 applies to the parts of the minutes that contain Pau's own thoughts, the government has not yet made any attempt to segregate those from the parts of the minutes containing communications to or from the Panel's third-party participants. *See Mead Data Cent. v. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977) ("It has long been a rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions.").

4

third party that sought "benefits inadequate to satisfy everyone." *Id.* at 1068.  In other words, *Klamath* foreclosed application of the consultant corollary when the "apparent object of the [third party's] communications" was a decision that favored the third party and that was "necessarily adverse to the interests of competitors." *Id.*

While *Klamath* set out a scenario in which the consultant corollary does not apply, it said little about when the corollary *does* apply.  Some courts interpreted *Klamath* as leaving the door open to shielding communications with interested third parties so long as the third party and the government shared a common overriding goal.  *See, e.g.*, *Jud. Watch, Inc. v. Dep't of State*, 306 F. Supp. 3d 97, 111 (D.D.C. 2018).

The Court of Appeals closed that door firmly in *American Oversight v. Department of Health*, 101 F.4th 909 (D.C. Cir. 2024).  That case involved communications between "Trump Administration officials and Republican members of Congress … who shared the 'goal of repealing and replacing' the Affordable Care Act." *Id.* at 913.  The Court of Appeals declined to apply the consultant corollary, reasoning that, "in the communications between the agencies and Congress, each side had an independent stake in the potential healthcare reform legislation under discussion." *Id.* at 920.  The Court of Appeals went on to state that even if "the agency and non-agency share a common goal or interest at some level of generality," the consultant corollary applies only if "the outsider is *dis*interested"—that is, only if the outsider "comes to the table with no obligation or stake in the outcome of an agency's process other than a duty to provide good advice to the agency, just as the agency's own personnel is expected to." *Id.* at 922 (emphasis in original).

To be sure, parts of *American Oversight* focused on the unique dynamic between the legislative and executive branches.  But the decision was not limited to that context.  Indeed, the

5

court provided an example that is particularly relevant here, stating that "a health insurance company could have shared the administration's goal of enacting healthcare reform legislation but could not qualify as an 'intra-agency' consultant given its independent financial interest in the substance of any legislative reform." *Id.*

The Panel—or at least some of its members—stand in the same shoes as *American Oversight*'s hypothetical insurance company. Consider the American Society of Hematology (ASH), one of many private organizations that sent representatives to the Panel. *See* ECF 13-2 at 5–9. The ASH describes itself as "the leader in representing the interests of scientists and clinicians working in the field of hematology, both on Capitol Hill and within federal agencies." *Id.* at 198. It touts that it "plays a vital role in influencing policies that affect researchers, clinicians, and patients by educating lawmakers and government staff on critical issues affecting hematology research and practice." *Id.* In other words, ASH is a lobbyist for a sector of the healthcare industry.[2]

Nothing indicates that ASH—or the numerous other private organizations that sent representatives to the panel, *see* ECF 13-2 at 5–9—acted nefariously. Indeed, the Court assumes that those representatives shared the government's overarching goal of minimizing the harm caused by COVID-19. But the core purpose of ASH and organizations like it is to advocate for the interests of their members in the healthcare industry; they seek to convince legislators and government officials to adopt policies that benefit the organizations' stakeholders and to avoid policies that harm them. They therefore stood to gain or lose from changes to the Guidelines.

---

[2] Take, as a second example, the American College of Clinical Pharmacy, which had two representatives on the Panel and which thereafter lobbied Congress to increase funding for COVID-19 response programs. *See* ECF 13-2 at 6, 207.

6

Under *American Oversight*, that is fatal to the government's attempt to assert the consultant corollary—and, by extension, its attempt to assert Exemption 5.

## Conclusion

For the foregoing reasons, the Court grants the government's Motion for Summary Judgment as to the adequacy of its search and grants Plaintiff's Motion for Summary Judgment as to the government's redactions. The Court notes, however, that Wheatland does not oppose certain limited redactions to the minutes—particularly, redactions geared toward "protect[ing] personal privacy interests," ECF 13-1 at 10. The Court therefore orders the Parties to meet and confer and to file, on or before May 15, 2025, a joint status report proposing next steps in this litigation.

**IT IS SO ORDERED.**

DATE: April 24, 2025

                                                      CARL J. NICHOLS
                                                      United States District Judge